Johnson v. Poulson.

GEORGE S. JOHNSON and wife, appellants,

v.

ISRAEL POULSON and wife, respondents.

A testator, by the third item in his will, gave legacies to his three daughters, and then gave to his two sons "all the rest and residue of my property, including the farm on which I now live, * * * subject, nevertheless, to certain payments to be made by them, hereinafter mentioned," and then gave an annuity and another legacy.— *Held*, that the daughters' legacies are not chargeable on the residue, because (1) by the second item, the testator gave to his wife the use of so much of his homestead and farm as she desired, together with his sons, thereby excluding the idea that he contemplated a possible sale of such farm in order to satisfy these legacies. (2) That expressly charging the farm with certain payments *thereinafter* specified, excludes those preceding. (3) That the proofs do not establish satisfactorily the insufficiency of the personal estate to discharge the legacies. (4) That the words "including the farm &c.," although incorporated with the gift of the residue, constitute a specific devise, additional to the residue, and hence exonerated.

On appeal from a decree of the chancellor, reported in *Poulson* v. *Johnson, 2 Stew. 529.*

*Mr. John T. Bird,* and *Mr. George Sargeant* of Philadelphia, for appellants.

The bill in this case charges that the three legacies bequeathed by William Johnson, in the third, fourth and fifth items of his will, in trust for his three daughters, are charged upon his farm, devised in the sixth item of his will to his sons George and Gardner (who were appointed executors and trustees under said will), and the bill, in effect, prays that the said George and Gardner may be decreed to pay said legacies out of the proceeds of said farm, so far as there are not sufficient personal assets.

I. Testator, at the time of making his will, had personal estate not otherwise disposed of, sufficient to pay the three legacies to his daughters.

II. The intention of the testator, from reading his whole will, is very clear. He gave his furniture and household effects to his wife, with certain rights in his farm for life; $2,000 to each of his three daughters, which exhausted his money securities and other personal property not specially bequeathed. Any residue of personal property, together with his farm, farming implements &c., he gave to his sons George and Gardner, subject only to the payment of $3,500 to his other son Elias, and the annuity of $180 to his wife. This was a reasonable and very fair distribution of his estate.

III. The testator charged upon the farm certain enumerated legacies. Not including the daughters' legacies among those specially enumerated, is a strong implication that he did not intend to charge the farm with their payment. The clause making the farm expressly liable for certain payments, by implication, exempts it from payments not named. *Expressio unius est exclusio alterius.* And the court will not impose burdens by mere construction beyond what the testator has himself created by express words or plain implication.

The real estate is not charged with the payment of legacies, unless the testator expressly declares such to be his intention, or unless such intention can be inferred from the language of the will, or from the disposition the testator makes of his property. *Sims* v. *Sims, 2 Stock. 161, Williamson C.; Van Winkle* v. *Van Houten, 2 Gr. Ch. 172; Paxson* v. *Potts, Id. 320; Dey* v. *Dey's Adm'r, 4 Id. 137; Leigh* v. *Savidge, 1 McCart. 124; Corwine* v. *Corwine's Ex'rs, 8 C. E. Gr. 368, 9 Id. 579; Lupton* v. *Lupton, 2 Johns. Ch. 614; Roper on Leg. 670 (American note); Kidney* v. *Conesmaker, 1 Ves. Jr. 436 (Sumner's Am. note); Bevan* v. *Cooper, 72 N. Y. 317.*

IV. The will gives George and Gardner the farm, "subject, nevertheless, to certain payments to be made by them, hereinafter mentioned." The use of the word *hereinafter* is tantamount to a declaration that the farm should not be subject to the payments thereinbefore mentioned. The

legacies in question were mentioned in items preceding the item quoted.

V. The view that the farm is liable for payment of the daughter's legacies, is based upon the assumption that the farm is part of the residue. But the farm is *not part of the residue.* Specially naming it in the residuary clause could have had no possible purpose but to take it out of the residue. If it was to be part of the residue, it would not have been named. *Shreve* v. *Shreve, 2 Stock. 390.*

VI. Even particular articles or kinds of personal property specially named in a residuary clause, are not part of the residue, as "All my plate, linen, china, pictures, live and dead stock, and all the residue of my goods, chattels and personal estate &c., I give and bequeath the same to A." Held, the articles named were not part of the residue (*Clark* v. *Butler, 1 Mer. 304; 2 Williams on Ex'rs, 1055 note*); and not liable for pecuniary legacies charged on the residue (*Bethune* v. *Kennedy, 1 Myl. & Cr. 114; 2 Williams on Ex'rs, 1056*). *A fortiori,* the same principle obtains as to real estate.

VII. That the testator intended his farm to be a special devise to his two sons, is further shown by the second item of his will, which plainly contemplates the continued ownership and occupancy of the farm by these sons with their mother.

*Mr. J. Wilson,* for respondents.

It is a rule of construction that if legacies are given generally, and the residue of the real and personal estate is afterwards given in one mass, the legacies are a charge on the residuary real as well as the personal estate. *Corwine* v. *Corwine, 9 C. E. Gr. 579–583; Hawkins on Wills 294; Bench* v. *Biles, 4 Madd. 187; Greville* v. *Greville, H. L. Cas. 689.*

This rule applies to the will in question in this case, and makes the legacies of $2,000, given in trust for each of the testator's three daughters, for life, and then over to their

children, a charge upon the real estate devised to his sons George and Gardner.

The opinion of the court was delivered by

Dodd, J.

The question in this case is, whether three legacies of $2,000 each, given by the testator to his daughters, are chargeable on his farm. The argument that they are, was drawn not from any express words in the will, but exclusively from what was claimed to be the legal effect of the residuary clause. It was contended that the legacies are payable out of the land, by virtue of the rule of construction adopted by this court in *Corwine* v. *Corwine, 9 C. E. Gr. 579*, namely, that where legacies are given generally and the residue of the real and personal estate is afterwards given in one mass, the legacies are a charge on the residuary real as well as personal estate.

In *Corwine* v. *Corwine*, the will, after certain pecuniary legacies and specific bequests, gave to the testator's son the entire residue of the estate, both personal and real. The intention of the testator to charge the legacies on his land was deduced in that case solely from the words, "residue of real and personal estate." There was nothing else in the will to indicate, expressly or by implication, an intention either in favor of or against such a charge. The long-established rule, repeatedly declared by the courts of this state, makes personal estate the primary fund out of which legacies are payable. The real estate is not charged with the payment of legacies unless the testator intended it should be, and that intention must be either expressly declared or fairly and satisfactorily inferred from the language and dispositions of the will. This rule was held, in *Corwine* v. *Corwine*, to be met and its requirements satisfied, by giving to the word "residue" its natural and proper force and effect. It signifies what is left of a number or a quantity after something has been abstracted. The residue of a farm is what

remains of it after something has been taken away. The residue of a blended mass of real and personal estate is what remains after the mass has been diminished by something subtracted. Hence, when pecuniary legacies are first given, and, afterwards, the residue of the testator's estate, real as well as personal, his intention to have the legacies payable out of the real, if the personal estate be insufficient, appears, in the absence of any inconsistent words or provisions in the will, by necessary implication, from the words " residue " or " remainder," when applied to the two kinds of property combined. It is to be observed, from the nature and grounds of this rule of construction, that it cannot prevail except where the inference arising from the words above used, taken in their natural and reasonable sense, is not restrained or avoided by other words or provisions in the will, to which due effect must be given in collecting the intent from the instrument as a whole.

The complainants in the present case rely upon the language of the residuary clause as being in substance and effect identical with that in *Corwine* v. *Corwine*, but while there is a similarity between some of their important phrases, the residuary clause in this case, and that part of the will which precedes the residuary clause, do not, as in *Corwine* v. *Corwine*, show the same absence of words and provisions bearing against the implication or inference on which the rule adopted in that case was founded. The rule itself being a judicial interpretation of words used with reference to the other conditions of the will, is subservient, as rules of construction in all cases are, to the cardinal and predominant one which seeks the purpose of the testator from all parts and provisions of the instrument considered together.

The testator, William Johnson, in the second item of his will, and before giving the legacies in question, makes provision for the use by his widow of his residence and farm, apparently contemplating her continued residence and ownership there, in connection with his sons, to whom the farm

was subsequently devised. There is an indication in the arrangement thus primarily made, not favorable to the view that the farm was liable to be sold for the legacies afterwards given.

Following the bequests of the three legacies now sought to be enforced, are the words of the residuary clause:

"I also give, devise and bequeath to my sons George and Gardner, all the rest and residue of my property, including the farm on which I now live, and all the farming implements, machinery, hay, grass, grain &c., cut or to be cut, that shall be on my said farm at the time of my death; subject, nevertheless, to certain payments to be made by them hereinafter mentioned."

It is observable that the farm which is therein devised, and the same now sought to be charged, is expressly subjected to the payment of certain legacies thereinafter bequeathed. This circumstance, also, is unfavorable to the view that it was meant to be subject to the legacies preceding. The presumption is, that having expressed the intent in the one case and not in the other, the intent in the other was not entertained. *Expressio unius est exclusio alterius.*

The situation of the testator's property at the making of the will, and the relative amounts of his real and personal estate, do not favor the opinion that he meant to charge both classes of bequests on the farm. It is established in this state that parol evidence is admissible to show the nature, situation and amount of the testator's property, in order to arrive at his intention to charge legacies on the realty. *Leigh* v. *Savidge, 1 McCart. 124.* Such, however, is the presumption against a charge, unless distinctly imposed, that though the insufficiency of the personal estate to pay legacies, when so made to appear, creates a strong impression in favor of an intention to charge them, yet, standing alone, it is not enough as against heirs to effect such a charge. Proofs were taken in this case. It is unnecessary to advert to them further than to say, that they do not establish satisfactorily the insufficiency of the personal estate. The devise of the farm free from the legacies in dispute, does

not seem to have been unsuited to the distribution of his property, as directed in his will, among his daughters and sons.

Another reason relied on by the appellants against the lien of the legacies on the farm was, that by the residuary clause it is specifically devised. The testator's language is, "I devise and bequeath to my sons all the rest and residue of my property, including the farm, &c." It was contended that, being specially named, the farm was separated from the residue, distinct from and no part of it. The doctrine that lands and particular articles or kinds of personal property specially named in a residuary clause are not part of the residue, is supported by the authorities cited: *Shreve* v. *Shreve*, *2 Stock. 390; Clark* v. *Butler, 1 Mer. 304; Bethune* v. *Kennedy, 1 Myl. & Cr. 114.*

In *Conron* v. *Conron, 7 H. L. Cas. 168*, the effect of a specific devise in exempting the devised land from the payment of legacies, was elaborately discussed, and the principle strongly affirmed by the court, that where a specific devise is once given in the will, the presumption is that the intention of the testator was to give it in its integrity and without derogation. It was laid down as a rule of construction that the pecuniary legatee cannot resort to the property specifically disposed of unless expressly directed in the will. The force of the rule applied in that case was such that, though the testator had said, in the body of the will, "I charge and encumber all my real and chattel estates," and in a codicil, "I charge and encumber all my estates of every description," yet these words of general charge were read by the court, in construing the will, as a charge only on what he had not otherwise disposed of.

It seems clear that this principle would, of itself, and without the aid of the circumstances heretofore mentioned, exonerate the farm, if the words used by the testator could be interpreted as clearly constituting a specific devise. If he had said "all the rest and residue of my property, and also my farm," or, "together with my farm," the specific

Cairo & Fulton R. R. Co. *v.* Titus.

devise would have been unequivocal and complete. This was so ruled ·in *Bethune* v. *Kennedy, 1 Myl. & Cr. 114.* In the present case the words are, "including the farm &c." These words do not exclude with precision and certainty the idea that the rest and residue given by this clause might include the residue of the farm, and not the whole farm without derogation. The verbal construction may be open to doubt, but, looking at the specific enumeration made in the clause, and seeing that it could possess no significance, but must be treated as useless, if not taken as additional to the residue, I think the latter interpretation should be adopted. For these reasons I am constrained to dissent from the opinion below, and think that the decree, so far as this point is adjudged, should be reversed.

Decree unanimously reversed.