Smith v. Gaines.

*Decree unanimously affirmed.*

ANDREW J. SMITH et al., complainants and respondents,

*v.*

MARQUIS D. L. GAINES et al., defendants and appellants.

| 39 | 545 |
| 53 | 256 |
| 39 | 545 |
| 54 | 63 |
| 39 | 545 |
| f60 | 64 |
| 39 | 545 |
| 62 | 352 |
| 39 | 545 |
| 67L | 295 |

1. Upon a bill for partition among remaindermen, the consent of the owner of the particular estate in possession is requisite, and, if a sale be ordered, it must be a sale of the whole estate, as well that in possession as that in expectancy.

2. Where a bill filed by trustees seeks the sale of real estate vested in them in trust, and they have not a present absolute power of disposition over their estate, according to the terms of the trust, their *cestuis que trust* are necessary parties to the suit.

On appeal from a decree of the chancellor, whose opinion is reported in *Smith* v. *Gaines, 11 Stew. Eq. 65.*

*Mr. B. Williamson,* for appellants.

*Mr. H. C. Pitney,* for respondents.

35

The opinion of the court was delivered by

DIXON, J.

The complainants' case is, that they are owners in possession of a life estate in certain lands in Morris county, and are also owners in remainder of an undivided half of said lands in fee, and that the defendants are owners in remainder of the other undivided half; and they pray a partition of the estate in remainder, or if that be deemed impracticable, as they aver it to be, then they pray a sale of the estate in remainder. The chancellor decreed such a sale, leaving the life estate of the complainants undisturbed.

From this decree the defendants appeal, insisting (*inter alia*) that the chancellor has no authority to order the sale of estates in remainder without selling also the particular estate in possession, and that for the sale of the particular estate the consent of the owners thereof is requisite.

Independently of statutes, a suit for partition could not be maintained by one whose undivided estate was in the reversion or remainder only. *In re Burroughs (Stevens v. Enders), 1 Gr. 284; Young v. Rathbone, 1 C. E. Gr. 224; Evans v. Bagshaw, L. R. (8 Eq.) 469, L. R. (5 Ch.) 340.* Nor could the court in any case decree a sale of the common property against the will of any owner *sui juris (2 L. C. in Eq. 889)*; the most that could be done was, to make the unequal division of the land, and balance the shares by a pecuniary recompense for owelty of partition to those who took the smaller portions of land. *Earl of Clarendon v. Hornby, 1 P. Wms. 446; Bentley v. Long Dock Co., 1 McCart. 480.*

The complainants' case, therefore, whether for partition or sale of the remainder, must stand, if at all, upon statutory law.

There are three statutes to be considered: " An act to authorize the partitions of lands in cases where particular undivided shares therein are limited over," approved March 6th, 1852, (*P. L. of 1852 p. 157*); a supplement thereto approved March 13th, 1861 (*P. L. of 1861 p. 318*); and a supplement to " An act for the more easy partition of lands held by coparceners,

joint tenants and tenants in common," approved March 18th, 1858 (*P. L. of 1858 p. 478*). So far as these statutes are now in force, they are contained in sections 25–30, inclusive, of the Partition Act in the *Rev. p. 801*.

The act of 1852 provides that—

"Partition of lands, held by coparceners, joint tenants or tenants in common, may be made by any court or jurisdiction having authority to make partition of lands, on any proceeding authorized for that purpose, notwithstanding the share held by any coparcener, joint tenant, or tenant in common, may be for a less estate than a fee, or may be limited over after an estate for life or any estate therein; and such partition shall bind all tenants of such share, in remainder, reversion or expectancy, who shall be entitled only to that part of the lands partitioned as may be set-off in severalty to the share upon which such remainder or expectancy is limited; provided, that in all cases where such remainder, reversion or expectancy is limited over to any person in being, such person shall be served with the like notice or process as may be by law required to be served on the owner or tenant of such share in such proceeding of partition, if notice be required therein; and in all such cases where partition is made of lands of which any share is limited over, and which are held in equal undivided shares, the commissioners, or other persons making partition, shall divide said lands and allot the shares, and certify such division and allotment in the manner directed by the partition act." *Rev. p. 801 § 25.*

This statute applies to those cases, only, where the estate of the coparceners, joint tenants or tenants in common is in possession. This appears from the use of language identical with that in the previous partition acts, "lands *held* by coparceners, joint tenants or tenants in common," which had always, since Henry VIII., been construed in those acts as denoting present possession, either actual or constructive. *Stevens* v. *Enders, 1 Gr. 271.*

The same idea is further indicated in the subsequent clauses of the section; that which gives to the remainderman &c. the portion of land set off in severalty to the share upon which the remainder &c. is limited, plainly implying that the land is owned in shares, anterior to the remainder or expectancy; that which requires to be given to any remainderman &c. in being, such notice as the owner or tenant of the share is entitled to in the proceeding, directly pointing to the fact that a tenant in possession of a share is a party to the proceedings; and the last clause of the section, speaking of the shares as being both *held* and *limited*

*over.* The design of the statute seems to have been, not to en- large the class of cases in which the courts could make partition, but to render the partition binding upon those who were entitled to the shares in expectancy, as well as upon the tenants in pos- session.

The supplement to this act, passed in 1861 (*Rev. p. 802 §§ 26, 27, 28, 29*), authorizes a sale to be made in all "proceedings for · the partition of lands, where all or any of the undivided shares · thereof is or are limited over in the manner specified in" the foregoing section of the act of 1852. It cannot, therefore, sanc tion the sale of estates not embraced within the purview of that statute, such as those where the tenant in possession owns an en tire estate. Moreover, the supplement directs a sale of the title · of all the tenants, whether in possession, remainder, reversion or expectancy, and for this reason, also, it cannot be vouched to sup- port the present decree.

The statute of 1858 (*Rev. p. 802 § 30*) enacts—

"That where there is an estate for life or lives, or other less estate, in any · lands or tenements situate in this state, and the reversion or remainder in fee is owned by several persons, as joint tenants, coparceners or tenants in com mon, and the particular tenant or tenants shall consent thereto, partition of the said lands or tenements may be made among said joint tenants, coparceners or tenants in common, by any court or jurisdiction having authority to make par tition of lands;    *    *    *    and in case partition cannot be made of such lands or tenements, or any part thereof, without great prejudice to the said· joint tenants, coparceners or tenants in common, so that a sale thereof shall be- ordered, the whole estate, in possession as well as in expectancy, in the said lands or tenements, or in the said part thereof which cannot be divided, shall. be sold, and such portion of the proceeds of said sale shall be paid to the par ticular tenant or tenants as shall be just and reasonable, according to the quan tity of his, her or their estate and interest in said lands or tenements, and as· shall be ascertained by the court ordering such partition or sale."

This was the first, and is as yet the only legislation which au thorizes a joint tenant, coparcener or tenant in common of a re- mainder or reversion to apply for partition of the lands in which he owns an undivided interest. According to its terms, three. things must concur to justify the proceeding: first, the particu lar estate must be for life or less; second, the remainder or re-

version must be owned in fee; and third, the particular tenant or tenants must consent to the proceedings. On these conditions partition may be made among the joint owners, or if that be impracticable without great prejudice to their interests, a sale of the whole estate, embracing that in possession as well as that in expectancy, may be ordered.

The present decree cannot rest upon this statute. The consent of the particular tenants is wanting, and even if it were obtained, a sale of the remainder only could not be justified. The remaindermen are not obliged to take the risks attending a sale of their uncertain interests; they are entitled to a sale of the entire estate, and a division of the proceeds on equitable principles.

This disposes of the present appeal, but as a question has been raised and discussed whether the *cestuis que trust* of the complainants are not necessary parties to the suit, and as other proceedings may be instituted for partition or sale of the land, we deem it proper to decide that question also.

It appears that the complainants are trustees for four persons of a life estate in the whole property, under the will of Andrew B. Cobb, and are trustees for three of those persons of a moiety of the remainder, under an order of the court of chancery. By the express directions of the will, the trustees have power only to lease the property during the twenty years following the testator's death, which occurred in 1873; after twenty years they have the power to sell. Under the chancery order the trustees have no power to sell the remainder at all, but only to make leases for terms not exceeding thirty years in the whole, and to improve and develop the property.

The general rule as to parties in cases of trust is that, in suits respecting the trust property, brought either by or against the trustees, the *cestuis que trust* are necessary parties. *Story's Eq. Pl.* § *207*. Many exceptions have been made to this rule, some for convenience, some for the reason that, by the terms of the trust, or from the nature of the suit, the trustees themselves represented the *cestuis que trust*. On this latter ground, it has been laid down that where the only object of the suit is to transfer the trust property into the hands of the trustees, the *cestuis que trust*

need not be parties; but if the existence or enjoyment of it is affected by the prayer of the suit, then they should be. *Calvert on Parties 212.* Even to the rule, in this restricted form, there are numerous exceptions to be found in decided cases, nor does the subject seem capable of exact definition. Courts of equity exercise a large discretion in the matter, guided sometimes by slight circumstances, and taking care, on the one hand, that justice shall not be defeated through the impracticability of bringing in all persons interested in the issue, and, on the other hand, that the rights of individuals shall not be determined when they are neither heard nor represented. By the thirtieth general order of the English court of chancery (*Cr. & Ph. 377*), it was directed that in suits relating to real estate, vested in trustees by devise, where they are competent to sell and give discharges for the purchase-money, they should represent the persons beneficially interested in the real estate in the same manner and to the same extent as executors and administrators, in suits concerning personal estate, represent the persons beneficially interested in such personal estate. But, notwithstanding this order, it was held in *Lloyd v. Smith, 13 Sim. 457,* that where a bill seeks the sale of real estate, vested in trustees by devise, and they have not a present, absolute power of disposition over it, according to the terms of the trust, they do not fully represent the *cestuis que trust,* and the latter are necessary parties.

This doctrine governs the present case. The trustees have not a present power to sell either the life estate or the remainder, nor to consent to a sale thereof, and their prayer for such a sale is an attempt to override, or at least to modify, the terms of their trust. In such an effort, of course they do not represent the *cestuis que trust,* and the latter are entitled to be heard on the question whether it shall succeed. They are, therefore, necessary parties.

I think the decree should be reversed and the bill be dismissed, unless the complainants apply to the chancellor for leave to amend in accordance with the foregoing opinion.

*Decree unanimously reversed.*