*88 N. J. Eq.*                    Snyder *v.* Taylor.

### BURRIS SNYDER et al.

#### *v.*

### JOSEPH TAYLOR, et al.

[Submitted February 15th, 1918.   Decided February 16th, 1918.]

1. Formerly the court of chancery would not construe a will except as an incident to some relief to be afforded by a decree. But, under the supplement to the Chancery act (*P. L. 1915 p. 154*) "any person claiming a right cognizable in a court of equity under a deed, will or other written instrument" may have it construed.   Following *In re Ungaro's Will, 88 N. J. Eq. 25.*

2. An absolute bequest to testator's children, followed by directions that if any child should die without issue, its share should go to the surviving children—*Held*, to mean death without issue at the period of distribution; in this case, at the death of the testator.

On bill, &c.

*Mr. George H. Large,* for the complainants.

*Mr. William C. Gebhardt,* for the defendants.

BACKES, V. C.

This bill is filed by the executors of William Taylor, deceased, to obtain a construction of the fifth item of the will of Joseph Taylor, the father of William, which reads as follows:

"Item 5.   I order and it is my will that my personal estate be sold as soon after my decease as can conveniently be done and my real estate except what I have heretofore bequeathed within one year after my decease and the proceeds together with all my estate except what I have otherwise bequeathed and one hundred dollars to him (my Executor) for settling my estate and no more to be equally divided among my children hereafter named, viz.: Peter M. Taylor, William Taylor, George W. Taylor, and Matilda Green (wife of Henry Green) share and share alike should any of my children die without issue then in that case the amount of property they get from my estate to revert back to my other children if living and if not living to their children if they have any."

Joseph Taylor's estate was settled in 1882, the four children receiving $1,394 each as their respective shares. William, the complainant's testator, recently died, leaving his two brothers, George W., mentioned in the fifth item, and Joseph Taylor, Jr., who claim William's legacy under his father's will, because he died childless. The complainants are about to close the estate in the orphans court and seek advice as to whether they should pay over the amount of the legacy out of funds in their hands, and if so, whether to the survivor under the residuary clause (George W.), or to all of the surviving children of Joseph, which would include Joseph, Jr. The defendants join in the prayer for the construction of the will, and were it not for this the court would not entertain the bill, and if objections were made the court would not have jurisdiction. The bill is not to construct the will of the complainant's testator and to obtain instruction respecting their duties thereunder, but it is simply to advise them whether they are liable for moneys in their hands which the defendants claim. That question would have to be settled by suit in the usual course. The trust estate is not before the court, and it has no control over it and no decree could be made that would bind either the complainants or the defendants. The bill involves nothing of an equitable nature, and no equitable relief is sought. *Hoagland* v. *Cooper, 65 N. J. Eq. 407,* is controlling. There Chancellor Magie said that "in no case has it been asserted that the court may be asked and compelled to construe a will except as incident to some relief which may be afforded by a decree. It has been expressly held that the court will not construe wills for the sake of giving counsel and advice to the parties, but only for the purpose of giving positive directions for the action of the trustee." The complainants' insistence that the bill is maintainable under the provisions of section 7 of the supplement to the Chancery act (*P. L. 1915 p. 154*) is without merit. The section reads:

"Subject to rules, any person claiming a right cognizable in a court of equity, under a deed, will, or other written instrument, may apply for the determination of any question of construction thereof, in so far as the same affects such right, and for a declaration of the rights of the persons interested."

It will be observed that the complainants do not claim any right—a right cognizable in equity. Whatever right their testator had under the will is now in full possession and enjoyment of his executors, and manifestly the section is not applicable.

The defendants, however, are clearly within the purview of the act, according to a recent construction placed upon it by the chancellor *In re Ungaro's Will* (*ante p. 25*). Their claim to the legacy is of a right cognizable in a court of equity, and having admitted the allegations of the bill and joined in the prayer for the construction of the will, thereby submitting themselves and the subject-matter to the jurisdiction of the court, the mooted question will be decided as on their behalf, and they will be bound by the decree.

The estate bequeathed by the residuary clause above quoted, vested in the four children of the testator therein named absolutely at his death, and the words, "should any of my children die without issue" are to be construed as meaning death before the testator, and in the event of the death of any child before that period without issue, then the remaining children are to take the share by way of substitution. This rule of construction is laid down by text-writers and has been adopted and applied by the courts of this state in cases where the language was substantially the same as in the will under consideration. *Baldwin* v. *Taylor, 37 N. J. Eq. 78; Denise* v. *Denise, 37 N. J. Eq. 163; Barrell* v. *Barrell, 38 N. J. Eq. 60; affirmed, 39 N. J. Eq. 603.* The point is definitely settled by these authorities, and the opinions are so explicit and lucid as to dissipate all doubt the litigants ever entertained as to their respective rights.

A decree will be entered declaring that the defendants are not entitled to the legacy and have no claim therefor against the complainants. No costs.