Mary Buckis, deceased, devised a house and lot to her husband — now deceased — for life, and upon his death to her three children, and the survivor of them — complainant and the two defendants herein — for life, with remainder in fee, after the death of the survivor of the three life tenants, to such children of one of the defendant life tenants as should be then living.
The bill herein is filed by one of the life tenants and seeks partition of the life estates. The owners of the remainder in fee are not made parties.
It has been determined at the hearing that a division of the real estate into shares is impossible without great prejudice to the life tenants.
Defendants contend that this court has no power to either partition or order sale of the life estate of the life tenants without the consent of all of them, and then only at the instance of a remainderman.
I am convinced that partition, or if impracticable, a partition sale of the life estates of the three life co-tenants may be decreed at the instance of one of them, and that the consent *Page 376 
of all the life tenants is not essential, and that the remaindermen are not necessary parties.
A brief reference to the history of partition of real estate appears necessary to an adequate application of our present statutes.
In Stevens v. Enders, 13 N.J. Law 271, Chief-Justice Hornblower reviews the legislation prior to the date of that adjudication. It is there pointed out that the English statutes of 31, 32 Hen. VIII gave the remedy of partition between tenants in common for life or years, and also where one co-tenant had an estate for life or years and the other an estate of inheritance or freehold, and that the force of these statutes obtained in this state until our first Partition act of 1789 (Pat. L. p. 89) and the act of 1797. Pat. L. p. 250. A reference to the latter act will disclose that by section 2 partition is authorized between life tenants and between life tenants and others having an estate of inheritance or freehold. Accordingly, the conclusion reached by the learned chief-justice was that the object of a partition was to avoid inconvenience that results from a joint or common and united possession, and to enable the persons entitled to know, take possession of, enjoy and improve their respective shares, and that the statutes theretofore existing were never intended to apply to or affect the rights of persons merely in remainder, but only of those who on a partition would be entitled to immediate possession in severalty. His final conclusion was that a remainderman properly could not be made a party to or be affected by a partition suit, since he was in no sense a co-parcener, joint tenant or tenant in common with a life tenant, and enjoyed no possessory rights so long as his estate was a mere remainder. That adjudication must be regarded as conclusive to the effect stated, except so far as it since has been affected by subsequent statutes.
The first Partition act touching shares in remainder is the act of March 6th, 1852. P.L. 1852 p. 157. The first section of that act is now section 26 of our Partition act as contained in 3Comp. Stat. p. 3905. In Smith v. Gaines, 39 N.J. Eq. 545,
our court of errors and appeals has pointed *Page 377 
out that this act, like the former acts, contemplates a partition by parties in present possession, actual or constructive, and is not intended to enlarge the class of cases in which the courts could make partition, but to render the partition binding upon those who were entitled to shares in expectancy, as well as the tenants in possession. Accordingly, that act cannot be said to authorize a mere tenant in remainder to institute proceedings in partition; he must be brought in as a defendant, if he is to be bound. See, also, Young, Admr., v. Rathbone, 16 N.J. Eq. 224
(at p. 226); Yglesias v. Dewey, 60 N.J. Eq. 62 (at p.64); Radley v. Radley, 78 N.J. Eq. 170; Portnow v. Portnow,90 N.J. Eq. 570. By a subsequent act (P.L. 1861 p. 318), now section 45 of our Partition act as contained in 3 Comp. Stat.p. 3910, sale is authorized in cases brought under the act of 1852 when partition cannot be made without great prejudice.
The first act which authorizes a joint tenant, co-parcener or tenant in common of a remainder or reversion to apply for partition of the lands in which he owns an undivided interest, is the act of March 18th, 1858 (P.L. 1858 p. 479), now section 47 of our Partition act as contained in 3 Comp. Stat. p. 3911. But that act confers that privilege only when the particular tenant shall consent thereto. This is specifically declared in Smith
v. Gaines, supra (at p. 548). In no other circumstance will a bill by a mere remainderman or reversioner be entertained.
From the foregoing it seems entirely clear that prior to the act of 1852 (3 Comp. Stat. p. 3905 § 26) the proper and only partition suit that could be brought for partition of life co-tenancies was a suit by a life tenant against his co-life tenants; this is precisely the suit which complainant in this case has brought — that is, a suit for partition or sale of the life estates, in which suit mere remaindermen without presently possessory rights were neither necessary nor proper parties prior to the passage of that act. Unless the effect of the act of 1852 can be said to require such life tenant to bring in remaindermen and thus subject their interests to partition or sale, no defect can be found in the present suit. The *Page 378 
suggestion that the remaindermen must be brought in arises from the provisions of that act which enables the life tenants to bring in the remaindermen and to subject their shares to the decree to be awarded; this suggestion is accentuated by the supplemental act of March 13th, 1861. 3 Comp. Stat. p. 3910
§ 45.
But any doubt that might be said to have existed touching that inquiry appears to be fully dispelled by the act of February 25th, 1858, a supplement to the act of 1852. P.L. 1858 p. 121, now section 51 of our Partition act as found in 3 Comp. Stat.p. 3912. That act provides: "That all causes now pending or which may hereafter be commenced in the court of chancery for partition of lands devised by a parent to his or her children, of which lands any share is limited over, the proceedings may be in conformity with the authority and practice of said court as the same were before the passage of said act; unless the said court shall otherwise order and direct." As already disclosed, that practice was a suit by a life tenant against his co-life tenants, in which suit reversioners or remaindermen were not necessary parties.
A decree will be advised for the sale of the life estates of complainant and defendants. If defendant Chester L. Appleton desires a reference to a master to determine a claim for his expenditures enuring to the benefit of the life co-tenant, that reference may be made.