J. Lane Sanborn, complainant,

*v.*

Ralph B. Sanborn et al., defendants.

[Decided April 20th, 1936.]

Mr. *Alexander Seclow,* for the complainant.

Mr. *Alfred Brenner,* for the defendants.

Mr. *J. Albert Homan,* for Edward L. Whelan, clerk, guardian *ad litem* of infant defendants.

Egan, V. C.

On April 3d, 1934, Ellen T. Sanborn died leaving a last will and testament dated December 4th, 1924, which was offered and received for probate. She made bequests totaling $2,400 which are expressed in paragraphs two to five, inclusive, of the will, and hereinafter set forth. By the fifth clause, she disposed of her jewelry and personal effects. The sixth paragraph of her will is as follows:

"All the rest, residue and remainder of my estate, real and personal including my stocks which I hold in any company or corporations I give, devise and bequeath to my husband, James Lane Sanborn, absolutely, his heirs and assigns forever."

The decedent appointed her husband, the complainant, executor of her will, and letters testamentary were issued to him after he duly qualified.

The entire estate consisted of personal property of the approximate value of $3,491.75. In addition, there was a trust account of the testatrix as trustee for Ruth Ellen Lincoln in the Bayonne Trust Company amounting to $406. These moneys were turned over to the beneficiary by the complainant.

The testator's bequests are as follows:

To Ralph B. Sanborn, a son, $500; to Hazel E. Sanborn, the wife of Ralph B. Sanborn, $100; to Ralph B. Sanborn, Jr., and Rebecca Sanborn, children of the complainant's son, Ralph B. Sanborn, $200 each; to Thelma A. Ferguson and Walter I. Ferguson, the children of a deceased daughter of testatrix, $200 each; to Ruth T. Lincoln is bequeathed $1,000 in cash and all of the testatrix' personal effects, clothing, jewelry, bric-a-brac, and bedroom furnishings.

The entire estate is insufficient to pay the legacies, after the debts are paid. The complainant contends first, that under the sixth clause of the will he is entitled to the stocks; second, that if there is an inconsistency between the dispositions in the sixth clause of the will, the latter provision bequeathing the stock to him should prevail; third, that if any ambiguity exists, the circumstances of the parties and all of the provisions of the will manifest the intention that the stock should go to the complainant.

Where the assets of an estate are not sufficient to meet the obligations and legacies, an abatement ensues in the following manner: First, residuary estate; second, other general legacies *pro rata;* and third, specific bequests or devises, or where demonstrative legacies are classed as specific under the circumstances of the case, the last in order of abatement will be specific and demonstrative legacies ratably. *69 Corp. Jur. 981 ¶ 10.*

Counsel for the defendants argued that the decedent's stock was disposed of by her as a part of her residuary estate, and consequently falls under that classification. I believe there is considerable force to the contention.

"A residuary legacy is only of what remains after paying debts and other classes of legacies and it is conditioned upon something remaining after the paramount claims on the testator's estate are satisfied, it follows that the loss resulting from an insufficiency of assets must fall first on the residuary legatee and he cannot call upon either the general or specific legacies to abate in his favor even though the entire estate is exhausted so that there is no residue." *40 Cyc. 1902* ¶ *9.*

"A residuary clause, which has been defined to be the clause in a will by which that part of the property is disposed of which remains after satisfying bequests and devises, is just as much a part of the will in which it appears, and its disposition of the property to which it applies is just as effective as any other provision or disposition in the testament. Its purpose and function is to make a complete testamentary disposition of the testator's estate so that no part of it may pass as intestate property. If the testator exhausts his estate in a legal manner, although he mentions another to take a residue, the latter gift fails in the face of the fact that no residue exists." *69 Corp. Jur. 413* ¶ *1472.*

In *State Bank and Trust Co.* v. *Nolan, 130 Atl. Rep. 483* (Supreme Court of Errors of Connecticut, September 19th, 1925), the court said:

"In most cases, a residuary clause where there are other definite and important bequests cannot be taken as the primary and principal factor determinative of testamentary intent, it is a catch-all, a refuse group, a provision which operates after the operation of the other provisions of a given will, its logical position is the same as its local position, at the end of the testamentary process not at the beginning."

See *Langstroth* v. *Golding, 41 N. J. Eq. 49; 3 Atl. Rep. 151.*

In *Anderson* v. *Anderson, 31 N. J. Eq. 560,* the court said:

"The fact of the testator having specifically devised part of the mortgaged estate and left the other part to pass by the general residuary gift is, of itself, an expression of his intention that the part which passes by the residuary gift shall be primarily liable to the whole of the mortgaged debt in exoneration of the part which is specifically devised."

In *Corwine* v. *Corwine, 24 N. J. Eq. 579,* the personal estate was insufficient to pay all pecuniary legacies. The question there was whether or not general pecuniary legacies were a charge on the residuary real estate. In discussing the question, the court said:

"Mr. Hawkins, in his valuable treatise on the Construction of Wills * * * says: 'It has been said that a testator generally intends the legacies given by his will to be a charge on his residuary real estate, as well as on his personal estate, but they are held to be so only when the residuary real and personal estate are given together; it being a rule of construction, that if legacies are given generally and the residue of the real and personal estate is afterwards given in one mass, the legacies are a charge on the residuary real as well as the personal estate.'

"The rule as here stated meets with our entire approbation. It is a simple and safe rule, founded in justice and good sense, easy of application, and one that will in a great majority of cases give effect to the real intention of the testator."

The foregoing decision has been followed in this state and is the prevailing rule of law to-day. See *Crocker* v. *Crocker, 112 N. J. Eq. 203* (at *p. 206*); *164 Atl. Rep. 9; Righter* v. *Fidelity Union Trust Co., 110 N. J. Eq. 169,* (at *pp. 173, 174*); *159 Atl. Rep. 393.*

The comments of the court in *Corwine* v. *Corwine, supra,* upon the phraseology of the residuary clause in that case may be applied to the language used by the decedent in the case under consideration. In the *Corwine Case* the testator in disposing of his residuary estate used the following language: "I give and bequeath to my son Cornelius Corwine the entire residue of my estate, both real and personal, not otherwise disposed of * * *." The court there observed (at *p. 581*):

"The words 'not otherwise disposed of' appear to be merely redundant, repeating elliptically, what had already been sufficiently expressed. Supplying what the obvious meaning of the testator seems to require, the fifth clause would read thus: 'I give, &c., to my son Cornelius, the entire residue of my estate, both real and personal, that is, my estate, both real and personal, not otherwise disposed of.' These words do not,

in fact, vary the sense of the clause in question, any more than the words 'rest and remainder' would, if added to the word 'residue.' "

Taking the foregoing language of the court and applying it to the instant case, there was no necessity for Mrs. Sanborn to use the words "including my stock which I hold in any company or corporations." The fact that such stocks formed a part of the residuary estate, after paying the general legacies, they would, as a matter of fact, go to the beneficiary named in the residuary clause. The use of the quoted words was not necessary to pass the stocks to the residuary legatee if the personalty was sufficient to pay the debts, incidental administration expenses, and antecedent general legacies.

Vice-Chancellor Berry in *In re Lowe's Estate, 103 N. J. Eq. 435; 143 Atl. Rep. 222,* classified legacies as follows: First, general; second, specific; and third, demonstrative.

"A general legacy may be defined as one which is payable out of the general assets of a testator's estate, such as a gift of money, or other thing in quantity, and not in any way separated or distinguished from other things of like kind. *28 R. C. L. 290 tit. 'Wills' 264.*"

"A specific legacy is a gift by will of a specific article, or a particular part of the testator's estate, which is identified and distinguished from all others of the same nature, and which can be satisfied only by the delivery and receipt of the particular thing given. *Ibid. 263.*"

"A demonstrative legacy partakes both of the nature of a general and a specific legacy. It is a gift of money or other property payable out of or charged on a particular fund in such a way as not to amount to a gift of the *corpus* of the fund, or to evince an intent to relieve the general estate from liability in case the fund fails. Two elements are necessary to constitute a demonstrative legacy, viz., it must appear first that the testator intended to make an unconditional gift in the nature of a general legacy; and, secondly, the bequest must be given with reference to a particular fund as a primary source of payment. *Ibid. 266.*"

"The fundamental distinction between general and specific legacies is that the former may be satisfied out of the general assets of the testator's estate without regard to any particular fund, thing, or things, while the latter are gifts of particular specified things, or of the proceeds of the sale of such things, or of a specific fund or a definite portion thereof. *Thomp. Wills 139 p. 121.*"

In *1 Kocher's New Jersey Probate Law 548,* the following appears:

"The order in which assets are to be applied to the payment of debts, in the absence of a contrary intention sufficiently expressed in the will, is, (1) the general, or residuary, personalty, not specifically bequeathed nor exonerated or exempted; (2) real estate appropriated to, and not merely charged with the payment of debts; (3) real estate descended whether acquired before or after the making of the will; (4) real estate devised charged with the payment of debts: (5) general pecuniary legacies *pro rata;* (6) specific and residuary devises and specific legacies *pro rata;* (7) real and personal property which the testator has power to appoint and which he has appointed by his will."

This order of application has been accepted without exception as the law.

Under the facts submitted in the instant case, I am satisfied that it was the intention of the testatrix that her children and grandchildren should receive the bequests specified by her in her will, and that her husband was to enjoy what remained of her estate after the payments of the bequests to her children and grandchildren; and that the testatrix intended that her husband should receive the stocks mentioned in the residuary clause of her will, but that it was not her desire that he should receive the same unless the remaining personal estate is sufficient to make payment of the pecuniary gifts to her children and grandchildren.

Considering all the circumstances, I believe the stocks are not a specific legacy, but they form a part of the residuary estate. Therefore, I shall advise an order that the residuary clause shall abate in favor of the pecuniary legacies.