The bill is one in partition. It alleges that the complainant is seized in fee of an undivided three-quarter interest in the lands described in the bill. The answer, while admitting most of the allegations of the bill, denies that the interest of the complainant is a three-quarter interest in fee-simple as alleged and asserts that complainant's interest is only a life estate in a three-quarter interest in the described premises. The admitted facts are as follows:
Prior to October, 1935, the premises in question were owned by one Paul F. Klotz, husband of the complainant, and his son, Harland Klotz, as tenants in common, Paul F. Klotz having a three-quarter interest and his son, Harland, a one-quarter interest. Paul F. Klotz died October 7th, 1935, leaving surviving him his wife, the complainant, and his son, Harland. Paul F. Klotz left a will which, omitting the attestation clause, is as follows:
"West Orange, May 14, 1927.
I, Paul F. Klotz, of the Town of West Orange, County of Essex, State of New Jersey, declare this to be my only will and testament.
I give, devise and bequeath all my property, both real and personal to my wife, Elsie Maud Klotz, after her death residue to my son Harland Klotz.
I nominate and appoint my said wife, Elsie Maud Klotz, to be executor of this my will and testament.
In witness whereof I have hereunto set my hand and seal this 14th day of May, 1927.
 PAUL FREDERICK KLOTZ." *Page 33 
Harland Klotz, the son, died intestate on November 26th, 1935, leaving surviving him his wife, Margaret Klotz, and his child, Paul F. Klotz, an infant, both of whom are defendants in this cause.
While the answer presents no legal defense to the bill, in so far as the partition or sale of the premises herein described are concerned (3 Comp. Stat. p. 3905 § 26; Buckis v. Townsend,100 N.J. Eq. 374), it does raise an issue of law which must be decided before this proceeding is finally concluded; and, although the question would ordinarily be determined upon final hearing, it would seem that it could be appropriately decided upon this motion, thereby speeding the cause. Decision of the issue requires the construction of the will of Paul F. Klotz, deceased, and a determination of the complainant's interest thereunder in the described premises.
In Briggs v. Faulkner, 120 N.J. Eq. 1, it was held that a testamentary gift, absolute in form or indeterminate as to quantity of estate given, coupled with an uncontrolled power of disposition, express or implied, imports an estate in fee and the gift over is void as inconsistent with the rights of the first legatee. Many of the decisions of courts of this state relating to that rule and the present issue were there collected and discussed. The only exception to the rule there stated is where the testator gives an estate for life only by certain andexpress words, and annexes to it a power of disposal, in which case the devisee for life will not take an estate in fee.Downey v. Borden, 36 N.J. Law 460; Wooster v. Cooper,53 N.J. Eq. 683. (Italics mine). Obviously, the answer to the question here involved turns upon the construction of the word "residue" as used in the testator's will and the implications arising from such use, but we are not without a guide. InJohnson v. Poulson, 32 N.J. Eq. 390, 394, the court of errors and appeals said, "the residue of a blended mass of real and personal estate is what remains after the mass has been diminished by something subtracted." See, also, Stevens v.Flower, 46 N.J. Eq. 340, 344; Ordinary v. Cooley, 30 N.J. Eq. 271,273; Bouv. Dict.; 7 Words and Phrases (1st Series) 6171;54 Corp. Jur. 715. In Jauretche v. Proctor, 48 *Page 34 Pa. 466, and Edwards v. Newland, 271 Pa. 1;113 Atl. Rep. 742, the word "residue" was held to mean whatever of an estate may be left unconsumed at the death of a devisee.
In Briggs v. Faulkner, supra, the language there held to import a fee in the first taker was "what remains at my daughter's decease." The same effect was given in decisions therein discussed to such expressions as "what may remain," "what is left," "what shall remain," "the balance," c. Here we have to deal with "a blended mass of real and personal estate" and, giving to the word "residue" the meaning as fixed by the court of errors and appeals in Johnson v. Poulson, supra, viz., "what remains," c., it seems to me that this word also imports a fee in the first taker. It is evident that the testator intended his widow to consume or subtract from his estate such part thereof as she desired and her power to do so is in no way limited or conditioned. It will be noted that the first gift to testator's wife is absolute in form and we are not, therefore, concerned with the exception to the rule of law stated in Downey v.Borden, supra. In my judgment, an uncontrolled power of disposition in testator's wife is necessarily implied from the use of the word "residue." It follows that under the will testator's entire estate in the premises in question vested in the complainant in fee.
My conclusion is that the complainant has an estate in fee in a three-quarter interest in the described premises and the infant defendant Paul F. Klotz has an estate in fee in a one-quarter interest in said premises subject to the dower right of the defendant Margaret Klotz.
The motion to strike the answer is denied; but since the answer presents no defense to a partition or sale, and since it is conceded that the described premises are not capable of actual partition, a decree for sale and division of the proceeds in the manner usual in partition suits may be entered. *Page 35