The bill of complaint in this case was filed by the executor and trustee under the will of Herman Haase seeking a construction thereof and requesting instructions as to certain clauses. Herman Haase died July 6th, 1932. The will was dated December 23d 1920, and probated on August 12th, 1932, after proceedings were had before the orphans court and the prerogative court of this state.
The paragraphs of the will in question are the second, third, fourth, sixth and seventh which read as follows:
"Second: — I give and bequeath unto my beloved wife, Ottilie Haase, all my United States Government Bonds and all mortgages I may hold at the time of my decease, and all my stocks and bonds in American Companies and all money or moneys in my name in any bank or banks in the United States of America, unto herself, her heirs and assigns forever. I further direct that the sum of Twenty Thousand ($20,000) Dollars shall be set aside by my executor, hereinafter named, and invested by him and the interest derived therefrom shall be paid to my said wife, Ottilie Haase, during her lifetime at such time or times and in such amounts as my said executor may deem advisable, and upon the death of my said wife I direct that the said sum of Twenty Thousand ($20,000) Dollars shall be and become part of my residuary estate.
Third: — I hereby direct that, as a token of faithful services, the sum of One Thousand ($1,000) Dollars in cash or its equivalent be given to each of the following employes of the firm of Haase and Koehl, to wit: Fred Moser, Ed. Voight. It is my desire and intention that my executor, hereinafter named, shall decide whether the bequests set forth in this paragraph numbered third shall be paid in cash or shall be given in the form of shares in the said business by Haase and Koehl to the extent and value as above set forth. I direct that in all matters appertaining to bequests to be charged against my interest in the said firm of Haase and Koehl, that the inventory immediately preceding my decease shall be used as the basis of computation.
Fourth: — I give and bequeath unto each employe of the said firm of Haase and Koehl, employed by them at the time of my decease *Page 570 
(excluding those named in paragraph numbered third of this Will) and who shall still be employed by said firm at the end of one year after my decease, the sum of One Hundred ($100) Dollars in cash.
It is my intention and desire that all the bequests set forth in paragraphs numbered Third and Fourth in this Will shall be made and paid out of and charged against my interest in said firm of Haase and Koehl.
Sixth: — All the rest, residue and remainder of my estate, real, personal and mixed, whatsoever the same may be and wherever the same may be situate and to which I may be entitled at the time of my decease, including all that portion of my interest in the firm of Haase and Koehl not hereinbefore disposed of, I give, devise and bequeath unto my beloved brothers, Gustav Haase, Heinrich Haase and Emil Haase and my beloved sister, Ida Haase, all of Gross-Schoenau, Germany, and my beloved sister, Anna Bock of Waldersdrof, Germany, share and share alike, unto themselves, their heirs and assigns forever.
Seventh: — I hereby direct that my executor, hereinafter named, shall have power to continue the business of Haase and Koehl if he so desires, and shall be required, in so far as the bequests set forth in paragraph numbered Sixth are concerned, to pay out of said business not more than twenty-five per cent. per annum on said shares.
I hereby nominate, constitute and appoint my beloved friend and partner in business, Albert Koehl, or First National Bank, Hoboken, sole executor of this my last Will and testament and direct that no bond or security shall be required of him for the faithful performance by him of his duties as such executor."
About ten years before the death of testator his widow was adjudged a lunatic. Testator during his lifetime was engaged in the wholesale grocery business with a partner, Albert Koehl, under the firm name of Haase and Koehl. There was no written partnership agreement. The said Albert Koehl is the executor under the will. The partners began a liquidation of their business about November, 1931, which had not been completed at the time of testator's death.
The guardian of the widow contends that this court has no jurisdiction for the reason that the matter is now pending before the orphans court of Hudson county. An examination of the decree of the orphans court in the accounting proceedings discloses that certain determinations should not be included in the decree in that court for the reason that the present case is now pending in this court. The complainant's right to seek the aid of this court and the jurisdiction of this court in the matter is well established. See Re Ungaro, 88 N.J. Eq. 25; Snyder v. Taylor,88 N.J. Eq. 513. *Page 571 
The next matter for consideration is the construction of the trust created by the second clause of the will. This clause, after bequeathing all of testator's United States government bonds, all his mortgages, all his stocks and bonds in American companies and all moneys deposited in his name in banks in the United States, directs his executor to set aside the sum of $20,000 in a trust fund and authorizes said executor to pay the interest derived therefrom to his widow at such times and in such amounts as his said executor may determine advisable. Upon the death of testator's widow the said $20,000 is to become part of the residuary estate. It is a well known rule of law that the intention of the testator may be determined from an examination of the whole will unless such intention is contrary to law. The source of the trust fund in question is not mentioned in the will. The bequest to the widow exhausted completely the personal assets of the estate except his interest remaining in the partnership. Testator's interest in the partnership is attempted to be disposed of under subsequent paragraphs of the will, to wit, paragraphs three and four. In addition to this the will authorizes the executor to continue the partnership business if he so desires. The exhaustion of the personal estate, with the exception of the partnership property, which is effected by the second paragraph of the will existed at the time of the making of the will as well as at the time of the death of the testator. There was evidence that at the time the will was made the widow was mentally unbalanced. The testator naturally had a desire to amply provide for the care of his wife. He, therefore, bequeathed the bulk of his estate to her. The trust fund of $20,000 mentioned in the second paragraph of the will is included in the same paragraph which bequeaths to the widow the bulk of the estate. This fact indicates that the intention of the testator was to set up part of the bequest of the bulk of his estate in a trust fund of $20,000 which could not be disturbed by his widow, the legatee thereunder. The income of this fund is to be paid to the widow in such amounts and at such times as the trustee may determine proper. In other words the testator intended that his widow should receive all of his personal property mentioned in the second paragraph *Page 572 
with the express provision that $20,000 thereof should be placed in trust and the income used for the widow's benefit under the supervision of the trustee. This being so, it becomes the duty of the executor to set aside from the personal estate specifically mentioned in paragraph two, $20,000 to be used by the trustee as therein provided. The trustee is given power to pay the income from said trust at such times and in such amounts as he may deem advisable. Such payments should be made for the best interests of the said widow. This fund should draw interest from the date of the death of the testator. See New Jersey Title Guarantee andTrust Co. v. Smith, 90 N.J. Eq. 386. After the death of the widow the corpus of the trust fund becomes part of the residuary estate.
The next question presented deals with the interest of the testator in the partnership as disposed of under the will. Testator by his will treated his interest in the partnership as distinct and apart from the other personal property which he owned. By the third paragraph he makes two bequests to employes of the firm as a token of their faithful service. These bequests are to be paid either from the cash received for his interest in the firm assets or in the form of "shares in the business." Under the fourth paragraph, testator gives legacies to all persons who were employed by the firm at the time of his death and for one year thereafter. All of these legacies mentioned in the third and fourth paragraphs are charged against his interest in the firm's assets. By the sixth paragraph testator disposes of his residuary estate including the remaining interest which he may have in the assets of said firm. By the seventh item he authorizes his executor, in his discretion, to continue the business and provides that said executor shall not be required to pay out of said partnership more than a certain percentage on account of the shares bequeathed and charged thereon. It, therefore, seems clear as I have already stated testator treated his partnership interest as distinct and apart from his other assets. It was his intention to specifically dispose of his interest in the partnership separate and apart from his other assets. The gifts to Fred Moser and Ed Voight in the third clause are specific legacies. See Kearns v. Kearns, 77 N.J. Eq. 453; Quill v. *Page 573 Schlichter, 121 N.J. Eq. 149; Mecum v. Stoughton, 81 N.J. Eq. 319.
I have not considered the bequests claimed by Max Weiss and Ferdinand Michel as their claims have been withdrawn.
The residuary bequest as contained in the sixth clause is a specific bequest in so far as it refers to "all that portion of my interest in the firm of Haase and Koehl not hereinbefore disposed of." Except the interest of the testator in the firm of Haase and Koehl which passes under the residuary clause, the residue is a general bequest. Johnson v. Poulson, 32 N.J. Eq. 390.
Counsel refers to the case of Sanborn v. Sanborn,14 N.J. Mis. R. 260; 184 Atl. Rep. 400, and claims that under the rule in that case the bequest of the partnership property should be treated solely as a general bequest. The intention of the testator in the Sanborn Case was not the intention as expressed by the will in question. In the case now before me the testator intended to make his partnership interest the subject of specific gifts.
The next question involved is whether the widow of the testator is entitled to dower in the real estate known as No. 88-98 Cambridge avenue, Jersey City. The title of this property was in the name of the testator and his partner, Albert Koehl, and is the premises whereon the partnership conducted its wholesale grocery business. There was introduced in evidence the proceedings before the orphans court of Hudson county in the matter of testator's estate wherein it appears by the appraisal that the real estate belonged to the partnership and the value of the estate was inventoried at $35,000. A proceeding was also had in this court in the matter of the sale of lands of Ottilie Haase, a lunatic, wherein it is alleged that the said widow had a right of dower in said lands and as a result the master determined that she was entitled to a dower interest amounting to $2,361.42. In that proceeding Mr. Koehl, the former partner of the testator and the executor under his will, testified that the testator owned a one-half interest. There is no intimation in that proceeding that the property was partnership property although in the present case Mr. Koehl testified that the lands were partnership property and the briefs of all counsel assumes such to be the *Page 574 
case. Counsel claims that the lands are not subject to dower of the widow. If the lands are not the property of the partnership under certain circumstances the widow would be entitled to dower. In the case of Caravatta v. O'Brien, 98 N.J. Eq. 199, the court held that a bequest of a large legacy to the widow should be considered a bequest in lieu of dower and the widow was bound to elect whether she would accept the legacy or the dower. In this case the master determined the value of the widow's dower to be about $2,300 and the legacy given to her under the second clause of the will amounts to approximately $70,000. The value of the remaining interest of the testator in the partnership assets amounts to about $23,000.
I have reached the conclusion that inasmuch as a decree of this court has been entered fixing the dower of the widow in the property above referred to, I cannot in this case determine that the widow is not entitled to dower as no application was made to open the said former decree.
The next question which arises is whether the testator's interest in a bond and mortgage made by Carmine Richard and wife to testator was part of the partnership property. This mortgage was made to the testator and Mr. Koehl "as partners trading under the name of Haase and Koehl." This being so the mortgage was clearly part of the partnership assets. Mr. Koehl testified that the same was procured with partnership funds. There is no proof to the contrary.
Another question raised at the hearing is whether the legacies left to Heinrich Haase and Gustav Haase, brothers of the testator, lapsed because they predeceased the testator. Since there is no direction in the will which would indicate a contrary intent their shares would pass under the statute to their children. Ryder v. Myers, 113 N.J. Eq. 360.
The next question which this court is called upon to determine is whether any of the legacies abate and, if so, in what manner. As I have already pointed out the legacies under the second and third clauses are specific legacies. Part of the gifts of the partnership assets in the sixth clause are also specific legacies. The remaining part of the legacies under the sixth item are general legacies. The rule as to abatement *Page 575 
is, that the general legacies will abate in full, if necessary, and the specific legacies will abate ratably. See Rowe v.Rowe, 113 N.J. Eq. 344.
I will advise a decree in accordance with these views.