[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 310 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 311 
The plaintiff seeks instructions respecting certain matters which have arisen in the administration of the estate of Elsie Cable Hess, who died on June 20, 1947, a resident of Essex County. Her will, dated May 18, 1943, and two codicils thereto, dated June 30, 1944 and June 28, 1945, were probated. On the same day that the will was executed, she entered into a revocableinter vivos trust agreement, and on the same day that the second codicil was executed, she amended the trust agreement. Pursuant to and on the date of the trust agreement assets were transferred and thereafter several additional transfers were made, the last on December 30, 1945. The will, its codicils, theinter vivos trust agreement and the amendment thereto, were all drawn by the same firm of attorneys. The plaintiff, Bankers Trust Company, is executor and trustee under the will, and also trustee under the inter vivos trust.
The primary beneficiaries under the will and under the trust agreement are the decedent's four children, but under both, the decedent's son receives more than her other children. The approximate net value of the testamentary estate as of the date of death was $120,000 exclusive of taxes. The New Jersey inheritance tax is estimated at $9,000. The trust, being revocable, the executor included in the federal estate tax return, at a value of $304,000, the assets transferred by decedent under the trust agreement. The estimated federal estate tax is $89,000. Therefore, if the inheritance and estate taxes are to be paid out of the testamentary estate without reimbursement, it will be seriously depleted. The first question presented is whether the plaintiff, as executor, upon payment of the inheritance and estate taxes, is entitled to reimbursement from the inter vivos trust funds.
The distinction between federal estate taxes and inheritance taxes, and the obligations for the payment thereof, have been authoritatively adjudicated. Inheritance taxes, in the absence of contrary testamentary provisions, are assessed against and are payable by each legatee or devisee, and, if paid by the executor, he is entitled to reimbursement. Fidelity Union Trust Co. v.Hall, 125 N.J. Eq. 419 (Ch. 1939); Morristown *Page 313 Trust Co. v. Childs, 128 N.J. Eq. 524 (Ch. 1940);Montclair Trust Co. v. Spadone, 139 N.J. Eq. 7 (Ch. 1946). The federal estate tax is imposed on the transfer of the entire net estate of the decedent and not upon any particular legacy, devise or distributive share. It is payable primarily by the executor of the estate before distribution. 26 U.S.C.A. § 822(b). A state is free to regulate the apportionment of the burden of the federal tax. Riggs v. DelDrago, 317 U.S. 94,63 S.Ct. 109. But there is no such regulatory statutory provision in New Jersey; hence, the federal tax falls upon and is payable out of the residuary estate, unless the will provides otherwise.Righter v. Fidelity Union Trust Co., 110 N.J. Eq. 169 (Ch.
1932); Gaede v. Carroll, 114 N.J. Eq. 524 (E. A. 1933);Turner v. Cole, 118 N.J. Eq. 497 (E. A. 1935); FidelityUnion Trust Co. v. Suydam, 125 N.J. Eq. 458 (Ch. 1939);Montclair Trust Co. v. Spadone, supra.
In respect to the payment of taxes, as in others, the intention of the testator is to be ascertained from the will itself.Palmer v. Palmer, 135 N.J. Eq. 516 (Ch. 1944); HackensackTrust Co. v. Ackerman, 138 N.J. Eq. 244 (Ch. 1946). In the instant case, the testatrix's will clearly and specifically directs that all taxes in connection with her estate be paid out of her general estate, viz.:
"SECOND: I direct that all estate, transfer, succession, inheritance, legacy and similar taxes upon or with respect to any property required to be included in my gross estate under the provisions of any tax law and whether or not passing hereunder or upon or with respect to any bequest or devise made herein or upon or with respect to any person with respect to any such property shall be paid out of my general estate as an expense in the settlement of my estate, and that there shall be no proration of any such taxes."
Considering also that the pertinent documents were executed on the same date, undoubtedly simultaneously, under the guidance of reputable counsel, testatrix's intention to fasten the inheritance and federal estate taxes upon her testamentary estate and to free the cestuis under the trust agreement from reimbursement for such payment, is hardly susceptible of misconstruction. The several transfers of assets into the trust, which diminished the testamentary estate, were made without *Page 314 
regard to the taxes to be paid and the effect payment thereof would have upon testamentary bequests and devises. Testatrix, nevertheless, unequivocally directed in her will that the executor pay them as administration expenses out of her general testamentary estate. It is not for the court to instruct otherwise. Since payment of the taxes from the testamentary estate will apparently more than exhaust the residuary estate, an abatement of general legacies in full and of specific legacies ratably may result. In order to effect ratable contribution by specific legacies and lands devised, the executor shall sell such personal property and real estate as may be necessary to provide sufficient funds to pay the obligations of the decedent's estate.Whitaker's Case, 72 N.J. Eq. 362 (Pre. 1906); Sanborn v.Sanborn, 14 N.J. Misc. 260 (Ch. 1936); Koehl v. Haase,125 N.J. Eq. 567 at page 574 (Ch. 1938); In re Boyle,133 N.J. Eq. 149 (Pre. 1943).
Testatrix provided in her will for the perpetual care of two cemetery lots and the mausoleum thereon, stipulating however that the sum expended therefor should not exceed $5,500. The plaintiff requests the instruction of the court as to the amount to be expended "in view of the paucity of assets." Such an expenditure is in the nature of a funeral expense. In re Gilchrist,110 N.J. Eq. 666 (Pre. 1925); Zipper v. McCutcheon,9 N.J. Misc. 164 (Sup. 1931), affirmed 109 N.J. Law 274 (E. A. 1932). It is the plaintiff's duty to exercise its discretion within the limitations specified, without instruction of the court.
Regarding the claims of Margaret Laurie Hess and of the estate against Emil von Arx, the decedent's will expressly gives to the plaintiff the authority "to settle, compromise and adjust, without the order or decree of any court, any and all claims, either in favor of or against my estate, or the trust hereunder." The plaintiff should deal accordingly with these items.
Judgment will be entered in accordance with the foregoing conclusions. *Page 315