In re estate of JOHN GILCHRIST, deceased.

[Decided May 15th, 1925.]*

*Messrs. Minton & Rogers,* for the appellant.

*Mr. Edward L. Katzenbach,* attorney-general, for the state.

BUCHANAN, VICE-ORDINARY.

Decedent by his will gave his cemetery lot to his brother-in-law, and directed his executor to pay to the cemetery company such sum as should be necessary to secure perpetual care of the lot by the company. It appears by the evidence that the necessary sum was $1,000. Decedent was buried in the lot.

The comptroller in the assessment of the transfer inheritance tax in respect of the estate has included a tax of $80 on the transfer of the $1,000 so paid by the executor; as a transfer by the will to the cemetery company, appellant contends that this item of the tax is erroneous; that although the payment is directed by the will, it is no more a legacy or bequest than would be a direction to pay a particular debt, or all debts; that the payment in reality comes within the head of funeral expenses.

The statute provides, by the amendment of 1922 (*P. L. 1922 ch. 174 p. 293*), that in determining the clear market value of the property (the transfer whereof is made subject

*This case was inadvertently omitted from the official reports at the time it was decided.

to tax), certain deductions shall be allowed, including *inter alia,* "a reasonable sum for funeral expenses" and "the ordinary expenses of administration." See the second paragraph of section 1, subsection 5. The term "funeral expenses" is not defined by the statute, nor is aid to be had in determining what was meant by that term from any other portion of the act.

There has, apparently, been no prior judicial determination of the question by our courts. There have been a number of decisions in other states, and the weight of authority seems to be in favor of appellant's contention, to wit, that a reasonable sum for perpetual care of decedent's cemetery lot is properly a part of funeral expenses, and that such expenses, if limited to a reasonable amount, are to be deducted in the computation of the tax. Such, for instance, is the final determination in New York, although the New York statute at that time had no specific provision authorizing such deduction. *In re Maverick, 119 N. Y. Supp. 914; affirmed, 198 N. Y. 618.*

It is clear, I think, by the words "funeral expenses," as used in our statute, the legislature meant to designate those things which are deemed "funeral expenses" in connection with the administration of decedent's estates. The design is to impose a transfer tax, which shall be measured by such amount of decedent's assets as ultimately passes to the beneficial enjoyment of the beneficiaries. To that end it is provided that there shall be deducted from the assets, in the computation of the tax, the debts owing by decedent, the funeral expenses, the elapsed portion of state, county and municipal taxes upon the property, administration expenses, including executors' or administrators' commissions and counsel fees—all items which are required to be paid out of the estate in the administration itself, in reduction of the amount which would otherwise pass to the beneficiaries.

I take it, therefore, as a necessary consequence, that whatever expenditures in the way of funeral expenses are proper to be made by an executor of a will containing no directions as

to funeral expenses, as against the interests of the residuary legatees, are to be deducted in the computation of this tax, for such expenditures, obviously, would not be proper if they were not "reasonable" in amount. The erection of a suitable tombstone or monument comes properly within the item of funeral expenses, at least, if the estate be solvent. *Griggs* v. *Veghte, 47 N. J. Eq. 179* (at *p. 189*).

I am unable to discern any difference in principle between the monument and the perpetual care of the lot. Many, if not most, men would prefer to have a simple and inexpensive marking stone, with a perpetually cared for lot, rather than a more elaborate monument with an unkempt, weed-grown lot. Of course, the total expenditure for the aggregate of all items of funeral expenses must be limited to a "reasonable" amount so far as this tax statute is concerned. If a decedent living in humble circumstances died leaving a $20,000 estate, and gave testamentary directions for funeral, monument and care of lot involving an expense of $10,000, such a sum would, of course, be far in excess of a reasonable amount, and would not be deductible in its entirety in the computation of the tax.

It is argued by the attorney-general that the lot is given by the will to a brother-in-law, and hence the provision for perpetual care is for the benefit of some one other than decedent. The evidence is rather to the contrary, for the decedent was buried in the lot. The gift of the lot, under these circumstances, is presumably nothing more than the gift of the right to be buried in the same lot. Of course, if the lot is so large as to exceed a reasonable lot for decedent's circumstances, if the gift for perpetual care of the lot is shown by the evidence to be, in effect, a gift partly for the benefit of others, the allowance should be scaled proportionately.

In the instant case, however, the comptroller has erred, in my view, in refusing to consider the cost of perpetual care of decedent's burial place as a proper part of funeral expenses. The tax will be set aside with directions to the comptroller to allow, as part of funeral expenses, such

sum not exceeding the $1,000, as is reasonable for the perpetual care of such portion of the lot as is a proper burial lot for decedent under his circumstances (notwithstanding that others may have been or may be buried there also), provided that the sum total of all allowances for funeral expenses to be deducted in the computation of the tax, shall not exceed such sum as is reasonable under all the circumstances of decedent's station and position in life and the amount of estate left by him.