WILLIAM ZIPPER, EXECUTOR OF THE LAST WILL AND TESTAMENT OF MARIE KIRCHEIS, DECEASED, PROSECUTOR, v. JOHN McCUTCHEON, COMPTROLLER OF THE TREASURY OF THE STATE OF NEW JERSEY, RESPONDENT.

Submitted October 17, 1930—Decided January 21, 1931.

Before Justices PARKER, CAMPBELL and BODINE.

For the prosecutor, *Addison P. Rosenkrans.*

For the respondent, *William A. Stevens,* attorney-general.

PER CURIAM.

Two points only are raised in this case. The first is that the comptroller should have allowed an exemption of the entire cost of a mausoleum directed by the deceased testatrix to be built to contain her body and that of her deceased husband, which cost amounted to $9,000; and the other point

is that the comptroller taxed a one-half undivided interest in a piece of real estate which had been owned by the executor and the testatrix as tenants in common and which undivided one-half, belonging to the testatrix, she devised to the executor. The mausoleum item is within the language of the clause exempting "a reasonable sum for funeral expenses and last illness." *Pamph. L.* 1926, *p.* 490. It has been generally considered that a reasonable provision for the sepulchre of the body of the deceased is proper. The argument is, however, first, that the $9,000 spent for the mausoleum does not pass to any one either under the will or by the intestate law and, inasmuch as the tax is a succession tax and not a property tax, which, as such, would be unconstitutional, the $9,000 so spent is not taxable. However, the courts seem to have uniformly regarded any unreasonable provision for funeral expenses as taxable to the extent that it is considered unreasonable, and no doubt on the theory that to the extent that it is unreasonable it deprives the next of kin or residuary legatees of property which would naturally come to him or them. Manifestly, this is so in a case where there is no provision in the will fixing the amount of such expenses and the executor undertakes to be extravagant in this particular. In such a case the interested parties may challenge the expenditures and the executor may be surcharged with it and be obliged to pay. The fact that the testator prescribes an extravagant amount would seem not to call for any difference in the application of the rule. We agree with the comptroller that the expenditure of $9,000 for burial purposes out of an estate not exceeding $37,000 was unreasonable and that he properly taxed $8,000 of that amount.

The other point presents no difficulty whatever. This is not a case of tenancy by the entirety or a joint tenancy, or any case in which there is ownership of two parties and one takes by right of survivorship. The lands were conveyed to the testatrix and the executor as tenants in common. If she had died intestate, her undivided one-half would have gone to her heirs-at-law. As it was, she devised that undivided half to the executor and clearly it was taxable and

something that he would not have been entitled to but for that devise. It is intimated that the comptroller placed too high a valuation on the one-half interest, but the argument does not seem to be pressed seriously and we do not find any substantial evidence to support it.

The writ will be dismissed.