BANK OF MONTCLAIR, executor, &c., appellant,

*v.*

JOHN McCUTCHEON, comptroller, &c., respondent.

[Decided May 31st, 1932.]

*Mr. Philip Goodell,* for the appellant.

*Mr. William A. Stevens,* attorney-general, for the respondent.

BUCHANAN, VICE-ORDINARY.

· Antonio Rizzolo died testate November 4th, 1929, resident in this state, leaving a gross estate of some $52,000 (of which $4,000 was personalty and the rest realty), and debts and administration expenses (exclusive of the $18,000 item to be considered) of about $24,000.

By the fifth paragraph of his will he directed his executor to erect a mausoleum at a cost of not less than $18,000, large enough to hold sixteen bodies, for the purpose of perpetuating testator's memory and to hold the bodies of testator and his deceased wife and deceased children (the executor being directed to cause their transfer thereto) and "where the bodies of my children and my grandchildren may be placed until the said mausoleum shall be full." The executor was given power to select the cemetery, the site and all other details. The cost was made a charge on specific real estate, or on the residuary estate.

The comptroller in assessing tax under the statute (*P. L. 1909 ch. 228,* as amended), determined that $6,000 was the maximum amount which could be deemed a reasonable expenditure for the mausoleum (in addition to some $2,000 of other funeral expenses); that the excess of the $18,000 item over such $6,000 (or $12,000), was taxable under the statute, and assessed a tax against the estate in respect thereof at the rate of eight per cent., or $960.

The executor appeals. His contentions are, in substance:

1. That no tax whatever can legally be levied in respect of any part of the $18,000 directed to be expended for the mausoleum.

2. That if any portion of that sum is legally subject to tax, the portion taxable is less than $12,000.

3. That if any tax is legally leviable upon any portion of the $18,000, it is not leviable at the rate of eight per cent.

As to the first point, appellant contends that there is no authority for the tax except by the statute mentioned, and that there is no authority in the statute for the tax in question; that under the plain and express language of the statute, the tax is imposed "upon the transfer of any property to

*persons or corporations,* when the transfer is by will," &c., and there is no provision in the statute imposing any tax upon or in respect of any portion of a decedent's estate other than in respect of such portions as are testamentary or intestate transfers to persons or corporations; that the expenditure, by express testamentary direction, of $18,000 for the mausoleum is not a testamentary or intestate transfer to any person or corporation.

The contention is interesting; but it is not open to argument in this court. The determination of this court in *In re Gilchrist's Estate, 110 N. J. Eq. 666,* is essentially adverse to appellant. In that case the executor appealed a tax assessed in respect of $1,000 paid, pursuant to testamentary direction, to a cemetery company for perpetual care of decedent's lot. The comptroller was directed to include in deductible funeral expenses a reasonable sum for perpetual care of the lot, but to limit the total deductions for funeral expenses to such sum as was reasonable under all the circumstances—the taxability of any excess over such sum estimated as reasonable, being thereby impliedly adjudicated.

Thereafter the identical question now presented was raised before the supreme court in *Zipper* v. *McCutcheon, 9 N. J. Mis. R. 164; 153 Atl. Rep. 101,* and was therein determined adversely to appellant. That determination is binding on this court (the jurisdiction whereof in these tax appeals is purely that of a statutory tribunal and subject to review by the supreme court).

The same thing is true as to appellant's second contention; inasmuch as in the *Zipper Case* the supreme court upheld the taxation of $8,000 in respect of a $9,000 mausoleum expenditure directed by the testatrix, where the total estate was $37,000.

Appellant's third contention was not passed upon in the *Zipper Case* (apparently the rate of taxation was not therein challenged by the appellant); nor in the *Gilchrist Case;* nor has it been the subject of determination in any other reported case in this state.

In the *Zipper Case* it is intimated that the taxability of

the excess of funeral expenses (even by testamentary direction) beyond a reasonable amount, rests upon the theory that the residuary legacies are thereby reduced. Appellant's contention that the rate of tax in such case should be the rate provided by the statute for the residuary legacies involved in the particular will (in the instant case, children and grandchildren of testator), is apparently based on that intimation. This contention is deemed unsound.

The payment, by testamentary direction, of $18,000 for a mausoleum, it is true, is not a legacy (at least in the ordinary sense, although it does involve some benefit, some profit, to the person receiving it), but it *is* a transfer by will. The statute imposes a tax, not on legacies, but on all transfers of property (of over $500) to persons or corporations. The mausoleum payment is a transfer of property, and necessarily is a transfer to some "person or corporation," although the particular recipient is not designated by testator but is left to selection by the executor. (Legacies are left, not infrequently, to persons neither designated nor described by class, but to be determined by someone to whom the power of appointment is given; but it would scarcely be contended that they were therefore not subject to tax).

That the legislative intent was to tax not merely legacies and distributive shares, or transfers wholly beneficial to the transferees, but *all* transfers not specifically exempted is further indicated and expressed in the statutory provision. *P. L. 1929* (at *p. 255*): "Property passing to every other transferee, distributee or beneficiary not hereinbefore classified shall be taxed at the rate of eight per cent.," &c.

The statute further prescribes (*P. L. 1929 p. 252*) that "all taxes imposed by this act shall be at the respective *rates hereinafter specified* upon the clear market value of such property," *i. e.*, the respective properties constituting the subject-matter of the respective taxable transfers. The statute then specifies a list of deductions to be allowed "in determining the clear market value of such property," *i. e.*, the property which is the subject of the particular transfer subject to assessment. Consideration of this list shows that

it includes deductions to be made in determining the value not only of residuary legacies, but also of particular legacies or transfers. Hence the comptroller in determining the value of the property ($18,000) transferred for the mausoleum, interpreted the statute (and, it is deemed, correctly so) as directing a deduction of so much thereof as equalled a "reasonable sum for funeral expenses." The remainder was the value, according to the statutory provisions, of the taxable transfer.

The statute then prescribes certain transfers which shall be exempt from tax (none of which includes the instant case), and then after prescribing varying rates of tax for transfers to certain classes of transferees (in none of which does the instant case fall, so far as appears by the record), concludes by providing that "property passing to *every other transferee,* distributee or beneficiary not hereinbefore classified shall be taxed at the rate of eight per cent. on any amount up to $900,000."

Possibly if the particular mausoleum contractor selected by the executor were a relative of decedent a different rate should be applied, but such is not shown to be the case in the present instance, and it is not shown therefore that the comptroller erred in applying the rate of eight per cent., which is the rate expresssly specified by the statute for the transfer *sub judice* unless the transferee comes within some one of the special classes.

The tax will be affirmed.