HARRIET GRACE CHASE et al., executors, appellants,

*v.*

J. H. THAYER MARTIN, State Tax Commissioner, respondent.

In the Matter of the Estate of DANIEL C. CHASE, Deceased.

[Decided February 21st, 1936.]

*Mr. Thomas H. Hagerty,* for the appellants.

*Mr. David T. Wilentz,* attorney-general, and *Mr. William A. Moore,* for the respondent.

BUCHANAN, VICE-ORDINARY.

The appeal in this case challenges the correctness of the taxes assessed and levied by the Commissioner, in two particulars.

The first is in respect to the inclusion by the Commissioner of the value of certain transfers *inter vivos*, as a part of the taxable estate. The position of appellants on this point is conceded by the respondent, who by his brief consents that the record be remitted for correction of the tax in this regard. Accordingly, it need not here be further considered.

The remaining issue involves the correctness of the tax assessed in respect of the provisions in the will of decedent for the purchase of a burial plot, erection of a monument and perpetual care and maintenance for the plot and monument. The will directed the executors to expend the aggregate sum of $81,000 for these purposes. Because of, or in accordance with, agreement between the residuary beneficiaries and the executors, the latter in fact expended only the sum of $8,300 for the purposes aforesaid. That sum was allowed by the Commissioner as a reasonable sum in that behalf, and was included in the "reasonable sum" allowed by him for funeral expenses, and thereby exempted from taxation. The balance ($72,700) of the $81,000 above mentioned, was taxed by the Commissioner at the rate of eight percent.

The sole contention of the appellants is that this balance or excess should not have been taxed at eight percent, but should have been taxed at lesser rates in accordance with the graduated schedule in the statute, as being property passing to the widow and children of the decedent, (the residuary beneficiaries under the will).

The statute in force on February 14th, 1934, the date of decedent's death,—(*P. L. 1909, C. 228, 4 N. J. Comp. Stat. p. 5301, § 537, § 1 (4)*, as amended by *P. L. 1931, C. 303, N. J. Stat. Annual 1931, p. 485, § 208-537, 1 sub. 5*), provides by subsection fifth of section one thereof that the taxes imposed shall be at certain rates on the value of the property transferred by the will, and that in determining that value, there shall be allowed as a deduction "a reasonable sum for funeral

expenses." The expense for burial plot, monument, and perpetual care is properly included within the term "funeral expenses" as used in the statute,—*In re Gilchrist, 110 N. J. Eq. 666, 128 Atl. Rep. 876,*—but the statute limits the allowance or deduction in that behalf to a reasonable amount.

What constitutes a reasonable amount in that regard is to be determined by the Commissioner. *Cf. In re Hack, 105 N. J. Eq. 334 at 336, 147 Atl. Rep. 860; In re Gilchrist, supra.*

In the instant case, the Commissioner has determined and fixed the reasonable amount to be allowed in this behalf at the sum of $8,300. The appellants in nowise contest this action by the Commissioner, but on the contrary agree therein.

The will, as heretofore stated, directs the expenditure of $81,000 for the purposes aforesaid. So much of the sum so provided by the will as is in excess of the reasonable allowance, is taxable, and is taxable at the rate of eight percent. *Bank of Montclair* v. *McCutcheon, 110 N. J. Eq. 539, 160 Atl. Rep. 631.*

The appellants seek to differentiate the present case from the case last cited on the ground that in the instant case the executors have not expended the excess amount and that the same will not be expended,—the interested parties having agreed that the executors should expend only the said amount of $8,300; that as the result thereof the shares of the residuary beneficiaries named in the will are thereby increased by the amount of this excess; that the amount of this excess is therefore included in the transfer to the widow and daughters and shall be taxed only at the rates applicable to transfers to widow and daughters and not the eight percent rate; that the transfer of this excess to the widow and daughters is therefore under and by virtue of the will and not by transfers among the beneficiaries subsequent to the operation of the will.

This contention is clearly fallacious. The direction of the will is for the expenditure of the $81,000. This was a perfectly valid provision for the decedent to make by his will, irrespective of whether or not it was inappropriately large,

or even wasteful, in comparison with the amount of decedent's estate. *Detwiller* v. *Hartman, 37 N. J. Eq. 347.* (The decedent's net estate in the present instance was some $435,000.) The present will, including the provisions thereof with reference to the burial plot, monument and perpetual care, was duly probated as a valid will. Those provisions have in nowise been adjudicated invalid by any other proceeding, and must of course here be held valid. The result and effect of these provisions is a testamentary transfer to some person or persons not named by the testator, but left to the selection of the executors. *Bank of Montclair* v. *McCutcheon, supra.* As such a testamentary transfer, the taxable value thereof is not affected by the fact that less than the specified amount is actually expended by the executors in that behalf,—unless the diminished expenditure is occasioned by the insufficiency of the actual net assets in the decedent's estate. Where the diminished expenditure is the result of acts of the beneficiaries, it can have no more effect upon the taxability of the testamentary transfer than would be the case in regard to legacies provided by the will, when the legatees agree amongst themselves upon a distribution other than that specified by the terms of the will.

Such agreements have no bearing or effect upon the assessment and levy of inheritance tax on the testamentary transfers. *In re Gould's Estate, 105 N. J. Eq. 598, 148 Atl. Rep. 731, affirmed 108 N. J. L. 197, 154 Atl. Rep. 632; In re O'Neill, 111 N. J. Eq. 378, 162 Atl. Rep. 425.*

In the instant case the reason why the additional $72,700 was not expended as the testator directed, was not because of any direction or authorization in the will, but because of the agreement of the residuary beneficiaries. Such agreement is not valid to effectuate any change in the taxability of the estate; whether or not it is otherwise valid is of no materiality here.

If the converse of the situation be considered, the necessity of this result will be even more apparent. Suppose the testator had directed the expenditure of only $100 and the residuary beneficiaries had agreed and directed the executors to

expend the sum of $8,700. The difference between the $100 and the $8,700 would not have been taxable at the eight percent rate, but would have been taxable only in accordance with the provisions of the will as transfers to the residuary beneficiaries.

The levy and assessment of tax in respect to this portion of the estate was correct and will be affirmed.