Rutherford Trust Company, administrator with the will annexed of Minnie R. Corbett, deceased, et al., complainant,

*v.*

Mary L. Stagg, Martha Hahn et al., defendants.

[Decided July 25th, 1940.]

*Messrs. Kipp, Ashen & Kipp,* for the complainant.

*Mr. Guy W. Gordon,* for the defendant Cypress Hills Cemetery.

*Mr. J. Albert Homan,* for Edward L. Whelan, clerk, guardian *ad litem.*

Lewis, V. C.

On October 16th, 1936, twin sisters were found together in their home in Rutherford overcome by coal gas asphyxiation from which they both died; Minnie R. Corbett on October 26th, 1936, and Florence E. Corbett on November 1st, 1936. Each of them left identical wills devising and bequeathing her entire estate to her sister, and containing the following clause:

"In the event, however, of my said sister, . . . ., and myself, both dying, through accident, while we are together, then, and in such case, I do dispose of my said estate * * * and such real and personal estate as I may be entitled to through the decease of my said sister, as follows * * *."

Each will contained the following provision:

"I give an bequeath unto Cypress Hills Cemetery the sum of two thousand dollars, for the purpose of the perpetual care of the family plot of my father and mother in said cemetery wherein I shall be buried."

The amount of the estates is insufficient to pay in full all the bequests made thereunder.

In this suit to construe the two wills, there are two questions before the court. The first is as to whether the deaths of the two sisters under the circumstances thereof, constituted the event of both of them dying through accident while they were together. In such case, the contingent bequests enumerated in this clause of the wills would take effect. If the deaths of the sisters, however, were not through their both dying through accident while together, then the entire estate of Minnie R. Corbett would go to her sister, Florence E. Corbett, who survived her by several days, and Florence E. Corbett died intestate, since the bequest to her sister lapsed because of the prior death, and the contingent bequest never came into effect because of failure to meet the conditions. The other question is as to the right of the cemetery to receive its bequest in full in priority over other legatees. This question is raised only if it be held that the contingent clause, as to the joint deaths through accident, is effective.

The critical clause is "my sister, . . , and myself, both die, through accident, while we are together." Unquestionably, the two sisters died through accident, and this accident occurred while they were together, although they did not die at the same instant. The purpose of construction is, of course, to give effect to the intention of the testator so far as that intent may be determined from the will and be consistent with the language used.

In my opinion, the meaning to be given the language used is in accordance with the principles laid down in *Hackensack Trust Co.* v. *Hackensack Hospital Association, 120 N. J. Eq. 14.* There, the contingency in the will was based upon a common disaster, and where one of the two involved died as a result of an automobile accident thirteen hours after the

other. It was held that within the meaning of the clause, the effect would be as though both had died in the same instant. The court says (at *p. 19*) :

"It seems to me that the principles enunciated in *Cowley* v. *Knapp, 42 N. J. Law 297,* apply in the instant suit. The mother, of course, wished her daughter to benefit by the residuary clause in her will, but there was no reason, if the daughter should not be able to enjoy the mother's estate, why the power of disposition of the residue should then be taken away from the mother and given to the daughter to dispose of not in accordance with the mother's wishes but in accordance with those of the daughter. I therefore find that it was not the intent of the testatrix to vest the residue in the daughter under the facts shown."

In the wills now before the court, each sister first left her estate to the other with the obvious intention that the survivor should get the benefit thereof. The further provision for bequests elsewhere were to come into effect only where both died through accident, and it seems apparent to me that the intention was that those contingent bequests were to take effect in case the other sister could not receive the benefit thereof. They both died from the same accident, and I consider it would require a strained construction of the clause to limit it to a case where they both died at the same time and the same place. I accordingly construe the will to mean that Florence E. Corbett did not inherit from her sister, and that the contingent clause in both wills is effective.

Under this construction, it is necessary to pass on the priority of the bequest to the cemetery, since the two estates are not sufficient to pay all the bequests in full. Perpetual care in a reasonable amount is deductible from inheritance taxes as a part of proper funeral expenses. *In re Gilchrist's Estate, 110 N. J. Eq. 666; 128 Atl. Rep. 876.* Another reason for granting priority is that the legacy to the cemetery is not a mere gratuity as are the other legacies, but is based upon a meritorious consideration, namely, the care of the cemetery plot. I accordingly find that the bequest of the cemetery has priority. It will be noted that each of the two wills makes an identical bequest to the cemetery, in the same

amount. If both these bequests are given effect, the payment to the cemetery will amount to $4,000. Whether such was the intention of the two sisters may well be doubted. Under the construction given the will, since the contingent bequests are identical, the effect is that of a merger of the two estates. It is not necessary to decide whether there shall be two bequests to the cemetery or only one, since the cemetery has waived any right to more than $2,000 on the two estates together.

I accordingly find the cemetery is entitled to priority of payment in the amount of $2,000, and that the rest of the estates are to be distributed *pro rata* among the legatees named in the contingent clauses, who survived the two sisters; two of the legacies having lapsed by prior deaths of the legatees.