## Schaettle Estate

*James Herbert Egan*, for accountant.

HOLLAND, P. J., April 26, 1949.—The account of Liberty Title and Trust Company, executor, was examined and audited by the court on April 4, 1949. The account shows a balance for distribution of $80,744.95. The accountant requested and is allowed the additional credits set forth on appearance slip of counsel totalling $851.

Two questions for decision are submitted in the petition for adjudication. Both concern the assessment and liability for transfer inheritance tax.

The first paragraph of the will directed the executor to purchase a stone slab to cover the grave of testatrix. After her death it was found to be impracticable to place a stone slab over the grave and a tombstone was erected at a cost of $800. In addition the sum of $600 was paid by the executor to Westminster Cemetery Company as a fund for the perpetual upkeep of the lot of testatrix in the cemetery. The register of wills allowed the deduction of $800 paid for the tombstone, but refused to allow as a deduction the $600 paid to the cemetery company for the perpetual upkeep of the cemetery lot, since no provision was made therefor in the will.

The Transfer Inheritance Tax Act of June 20, 1919, P. L. 521, art. 1, sec. 2, as amended, 72 PS §2302, specifically allows as deductions in ascertaining the clear value of estates for transfer inheritance tax purposes only the debts of decedent, reasonable and customary funeral expenses, bequests or devises in trust, in reasonable amounts, the entire interest or income from which is to be perpetually applied to the care and preservation of the family burial lot or lots, their enclosures and structures erected thereon, reasonable expenses for the erection of monuments or gravestones, grave or lot markers and the expenses of the administration of such estates. If rigorously applied the act might appear to prohibit the allowance of the deduc-

tion claimed by the estate, but even under prior inheritance tax acts which did not in terms allow as deductions legacies and devises for care of burial lots such sums were held to be exempt from the tax: Dingee's Estate, 14 Dist. R. 225 (1905); for a continued care of a grave is almost as essential as the purchase of a burial lot and without undue straining of language may be said to belong to the original expenses, and a tax on the fund was held to have been improperly imposed: Middleton's Estate, 13 Dist. R. 811 (1904). The cost of a burial lot and the erection of a suitable monument are to be allowed as deductions as part of the funeral expenses and expenses of administration, though not specifically allowed by the language of the act: Kreeger's Estate, 277 Pa. 326 (1923); Robbins' Estate, 9 Erie 251 (1927); Roach Estate, 10 Erie 149 (1928); even though no provision on the subject was made in the will: Webb's Estate, 165 Pa. 330 (1895). The amount which a will directs shall be held in trust for the preservation of the cemetery lot is in no sense a legacy and is not subject to abatement nor liable to payment of collateral inheritance tax: Sock's Estate, 9 Dist. R. 101, 102 (1900). In Ashbridge's Estate, 59 Montg. 66 (1943), a trust for preservation of cemetery lots was set up under the provisions of a deed of trust established by joint settlors, and the amount needed for the actual care of burial lots of the settlors' father and grandfather was held to be exempt from payment of the tax. In Gilchrist's Estate, 128 Atl. 876, Prerogative Court of New Jersey (1925), it is said:

"I take it, therefore, as a necessary consequence, that whatever expenditures in the way of funeral expenses are proper to be made by an executor of a will containing no directions as to funeral expenses, as against the interests of the residuary legatees, are to be deducted in the computation of this tax; for such

expenditures obviously would not be proper if they were not 'reasonable' in amount. The erection of a suitable tombstone or monument comes properly within the item of funeral expenses—at least if the estate be solvent. Griggs v. Veghte, 47 N. J. Eq. 179, at page 189, 19 A. 867.

"I am unable to discern any difference in principle between the monument and the perpetual care of the lot. Many, if not most, men would prefer to have a simple and inexpensive marking stone, with a perpetually cared for lot, rather than a more elaborate monument with an unkept, weed-grown lot. Of course, the total expenditure for the aggregate of all items of funeral expenses must be limited to a 'reasonable' amount so far as this tax statute is concerned. . . ."

I am of the opinion that it would be a far too narrow construction to hold that because this testatrix made no specific provision in her will for the setting aside of a sum for the care of her burial lot, her estate should be penalized by having to pay the tax on the amount reasonably required for that purpose any more than it should be had she failed to provide for the erection of a tombstone. The law looks with favor on provisions for care of burial lots however made where the amounts set aside are reasonable. The setting up of such funds is to be encouraged rather than discriminated against on merely technical grounds. I hold that the Act of 1919 does not restrict the deduction for inheritance tax purposes of sums so set aside to those sums given by will, and that a reasonable sum in a solvent estate may be set aside for the purpose as part of a decedent's funeral expenses and may be properly claimed as a deduction in the fixing of the value of the estate for transfer inheritance tax.

The second question submitted is whether the estate is entitled to a deduction on the transfer inheritance tax of the five percent commission paid to the executor

and credited in the account on the sale of decedent's real estate which was sold for $20,000. In the twelfth paragraph of her will testatrix, in appointing the executor, specifically provided:

". . . it shall be paid a commission of five percent (5%) of the gross amount of the principal of my estate both real and personal, . . ." and also directed the executor to sell any real estate she might own at the time of her death. In the sale of the real estate the executor employed William J. McCarter, a duly licensed real estate broker, who charged and was paid a commission of three percent. The register of wills has allowed as a deduction the $600 paid as commission to McCarter but has allowed only $600 (commission at three percent) of the $1,000 paid to the executor, and the executor contends that in view of the specific provision in the will directing a commission of five percent, and the limiting of the commission paid the broker to three percent, the estate is entitled to a deduction of the total commission paid of $1,000 in determining the net estate subject to the transfer inheritance tax. Customarily where a real estate broker is employed to sell real estate he is paid the usual five percent commission and the fiduciary is paid three percent in the absence of extraordinary circumstances. But where the commissions are fixed by the will and are reasonable in amount they will be allowed and the estate is entitled to a deduction of them as an expense of administration. In this case the total commission is not in excess of that which is ordinarily paid under the circumstances, and inasmuch as the legatees of the estate are not objecting to the credits taken and there is no evidence of fraud or collusion the Commonwealth must allow them as deductions, and I so hold.

The transfer inheritance tax has been paid. Subject to distributions already properly made the balance for distribution is awarded as suggested under the last

paragraph of the petition for adjudication. The account is confirmed, and it is ordered and decreed that Liberty Title and Trust Company, executor, as aforesaid, forthwith pay the distributions herein awarded.

And now, April 26, 1949, this adjudication is confirmed nisi.

NOTE.—Exceptions to the adjudication nisi not having been filed, it was confirmed absolutely.