## Dever Estate

Before Klein, P. J., Bolger, Lefever, Saylor and Shoyer, JJ.

*Robert E. Woodside,* Attorney General, and *Irving N. Kieff,* Deputy Attorney General, for Commonwealth.

*Frank O. Schilpp,* contra.

LEFEVER, J., May 1, 1953.—The narrow issue before the court is whether the reasonable cost of perpetual care of testatrix's burial lot is a deductible item for transfer inheritance tax purposes where there is no specific direction in the will for perpetual care and the payment is made voluntarily by the executor who is also the residuary legatee.

This is a test case. The matter is important to the Commonwealth. However, the tax involved is only $37.50. The case was ably presented by both sides. Counsel for the accountant is to be particularly commended for the comprehensive brief he filed, despite the small amount in issue and the meager financial return to him for his exhaustive efforts. Such briefs are welcomed by this court. They lighten its burden and are of great assistance in the development of the law.

The facts are aptly stated by Judge Bolger in his adjudication.

The Transfer Inheritance Tax Act of June 20, 1919, P. L. 521, as amended, 72 PS §2302, provides:

". . . In ascertaining the clear value of such estates,

the only deductions to be allowed from the gross values of such estates . . . shall be the debts of the decedent, reasonable and customary funeral expenses, bequests, or devises in trust, in reasonable amounts, the entire interest or income from which is to be perpetually applied to the care and preservation of the family burial lot or lots, their enclosures and structures erected thereon, reasonable expenses for the erection of monuments or grave stones, grave and lot markers and the expenses of the administration of such estates, . . ."

The Commonwealth argues that since perpetual care is not specifically provided in the instant case by "bequests or devises in trust", but by the voluntary action of the executor-residuary legatee, it does not come within the strict terms of the act and, therefore, the amount awarded therefor is not deductible for inheritance tax purposes. However, we all agree that allowance therefor as such a deduction comes within the purview of the legislative intent; if not within the strict language, it falls within the established meaning of "customary funeral expenses" or "expenses of administration".

"If the act were to be construed literally and without regard to the immemorial customs of the people, which the legislature is presumed always to have in mind,— none more universally observed and more deeply ingrained in human nature than those relating to burial of the dead,—there would be no warrant for the deduction of the expense of shrouding and coffining the dead, or appropriately conveying the remains to their last resting place, or providing a place of sepulture, because in its narrow sense 'expenses of administration' would cover none of those things . . . When the legislature enacted the phrase 'expenses of administration', it, of course, took account of the customs of the people

in regard to the burial of their dead, with no purpose to outrage their feelings and sentiments, as would be done if a tax be collected on the cost of those things which are recognized as fitting, seemly and appropriate to decent interment, . . .": Kreeger's Estate, 277 Pa. 326, 328-29.

"So universal is the right of sepulture, that the common law, as it seems, casts the duty of providing it, and of carrying to the grave, the dead body decently covered, upon the person under whose roof the death takes place; for such person cannot keep the body unburied, nor do anything which prevents Christian burial; he cannot, therefore, cast it out, so as to expose the body to violation, or to offend the feelings or endanger the health of the living . . .": Wynkoop v. Wynkoop, 42 Pa. 293, 300.

"A decent burial is the right of everyone. It is a right springing from the necessities of the case and is recognized in all well ordered communities. Considerations of propriety and public health require that the dead be decently disposed of": Kitchen v. Wilkinson, 26 Pa. Superior Ct. 75, 80.

". . . in any event the act of burial includes all the usual incidents of decent burial, of which one, at least, is the erection of a suitable tombstone": Webb's Estate, 165 Pa. 330, 334.

The late Chief Justice Schaffer relied on these cases as authority for holding that the cost of erection of a tombstone on decedent's grave was deductible even though not expressly included in the applicable inheritance tax statute: Kreeger's Estate, supra.

The will before us directed "payment out of my estate of the expenses of my . . . funeral".

". . . the purchase of a burial lot is often a necessary item in the list of funeral expenses . . . The continued care of a grave, however, is almost as essen-

tial as its purchase, and without undue straining of language may be said to belong to the original expenses": Middleton's Estate, 13 Dist. R. 811, quoted with approval in Dingee's Estate, 14 Dist. R. 225.

This court in the cited cases and in Socks' Estate, 9 Dist. R. 101, held that the cost of perpetual care of testator's cemetery lot was a deductible item for inheritance tax purposes even though the applicable inheritance tax statute contained no provision for perpetual care. The deduction was based on the theory that bills for the funeral, gravestone, and even perpetual care are in reality "expenses of administration" when construed in their broadest meaning. The present statute includes "customary funeral expenses" and "expenses of the administration of such estates" as specific deductions. It follows that the cost of perpetual care in the instant case comes within these general provisions; in fact, it also comes within the express direction of testatrix's will to pay "the expenses of my . . . funeral".

Public policy, decent respect for the dead, and care for the health and welfare of the living, require proper burial of decedent and appropriate maintenance of the lot wherein she is buried. As well stated in In Re Gilchrist's Estate, 128 Atl. 876, 877 (Prerogative Court of New Jersey, 1925) :

"I am unable to discern any difference in principle between the monument and the perpetual care of the lot. Many, if not most, men would prefer to have a simple and inexpensive marking stone, with a perpetually cared for lot, rather than a more elaborate monument with an unkept, weed-grown lot."

Cemetery trusts are favorites of the law and to be encouraged. In Schaettle Estate, 68 D. & C. 331, President Judge Holland in a well reasoned opinion came to the conclusion we here reach, namely, that the reasonable cost of perpetual care of decedent's cemetery

lot, even though not specifically provided in her will, is deductible for inheritance tax purposes.

The exceptions are dismissed.