FRANK R. VAZQUEZ, Corporation Counsel Clark County
You have asked for my opinion on two questions regarding the provision of a cement grave liner by a funeral home in a county burial pursuant to section 49.30, Stats. First, you ask whether cement grave liners are properly classified as funeral and burial expenses or as cemetery expenses. Second, you ask if "actual cemetery expenses" includes a manufacturer/supplier's or funeral director's markup or profit on the original invoice bill.
The answer to your first question is that the characterization of a good or service as a funeral and burial expense or as a cemetery expense will depend upon who is providing that good or service. Thus, as here, a cement grave liner provided by a funeral home will be classified as a funeral and burial expense, whereas a cement grave liner provided by a cemetery will be considered a cemetery expense. This answer is necessitated by the difficulty in defining funeral and burial expenses and cemetery expenses and also determining the exact boundary between them. Both categories defy precise definition because the statutory language is couched in broad terms. Section 49.30 does not define funeral, burial or cemetery expenses. A prior opinion addressed this definitional problem and discussed the question of whether an expenditure constituted a funeral expense: "The latter question has caused considerable difficulty for courts of law, since it is usually held that what may be classed as a funeral expense varies with the official and financial standing of the decedent, his religious beliefs and the usages prevailing in his community." 34 Op. Att'y Gen. 191, 193 (1945). Also, on the *Page 165 
federal level, the rules of the Federal Trade Commission regulating funeral industry practices contain neither a precise definition nor a distinction between both funeral and burial expenses and cemetery expenses. See 16 C.F.R. § 453.1 (1990).
In addition, these categories overlap to a certain extent, further complicating the attempt to define them. For example, in the Department of Health and Social Services' Economic Assistance Manual and Handbook, Volume 7, chapter 7 (Funeral and Cemetery Charges), a "burial plot," "perpetual care" and "a minimum grave marker" are all considered "cemetery charges." However, these goods and services have also been characterized as "funeral expenses." In chapter 157, relating to the disposition of human remains, a provision involving the improvement and care of cemeteries states:
 The board or any organization having a cemetery under its control may fix and determine the sum reasonably necessary for perpetual care of the grave or lot in reasonable and uniform amounts, which amounts shall be subject to the approval of the court, and may collect the same as part of the funeral expenses.
Sec. 157.11 (7)(b), Stats.
A prior opinion based on this statutory provision concluded that under section 49.26 (5), Stats. (1947), a sum reasonably necessary for perpetual care of a grave or lot is part of the funeral expenses as that term is used in section 49.26 (5) where the cemetery lot deed provided for such care. 38 Op. Att'y Gen. 248, 249 (1949). Also, "[m]any and varied items have been classed as funeral expenses . . . including cemetery plots, perpetual care of such plots, headstones, markers and monuments . . . ." 34 Op. Att'y Gen. at 193. See also In reMcDonald's Estate, 139 N.Y.S.2d 386, 387 (1955) (term "funeral expenses" includes, inter alia, "a burial lot and suitable monumental work erected thereon"); Chase v. Martin, 14 N.J. Misc. 157, 183 A. 726, 727 (1936) (expense for burial plot, monument and perpetual care is properly included within "funeral *Page 166 
expenses," within statute allowing deduction of reasonable sum for funeral expenses in determining value of estate for taxation purposes. Thus, because of the lack of precise definitions and overlapping nature of certain goods and services in both categories, the most plausible construction of section 49.30 is to characterize a good or service a funeral and burial expense if provided by a funeral home and a cemetery expense if provided by a cemetery.
Next, you ask if "actual cemetery expenses" includes markup or profit. Section 49.30 contains two limits on the expense categories. First, section 49.30 (1)(b), as amended by 1989 Wisconsin Act 239, limits the amount the county shall pay for funeral and burial expenses to the lesser of $650 (in state fiscal year 1989-90 and $1,000 thereafter) or those funeral and burial expenses not paid by the estate.
Second, section 49.30 (1)(a) limits the amount the county shall pay for cemetery expenses to "actual cemetery expenses." An "actual" cost or expense is normally the actual price paid for goods by a party including such items as freight and handling but excluding profit. See Cassel v. Newark Ins. Co., 274 Wis. 25, 34,79 N.W.2d 101 (1956) (a retailer's "actual cost" of merchandise is more than the wholesaler's charge; it includes such further items as freight and handling and thus its "actual cash value" in hands of retailer, within terms of fire policy limiting coverage to actual cash value of property at time of loss, is its replacement value); Bailey v. Defenbaugh Co. of Cleveland Inc.,513 F. Supp. 232, 242 (N.D. Miss. 1981) (under Mississippi Small Loan Regulatory Act, which permits a licensed moneylender to charge borrowers the "actual cost of any premium paid" for property, credit life or credit disability insurance by receiving commissions on the insurance sales in connection with loan made to borrowers, "actual cost" means the cost of insurance to moneylender exclusive of whatever profit moneylender realizes from sale of insurance policies); Black's Law Dictionary 33 (5th ed. 1979). Thus, section 49.30 contains a $650/$1,000 statutory limit for funeral and burial expenses and it limits cemetery *Page 167 
expenses to "actual" cemetery expenses, which includes such items as freight and handling but excludes profit.
In conclusion, it is my opinion that a cement grave liner provided by a funeral home constitutes a funeral and burial expense and is therefore subject to the $650/$1,000 statutory limit.
DJH:SWK *Page 168